UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TEAMSTERS LOCAL UNION NO. 804 and TEAMSTERS AMAZON NATIONAL NEGOTIATING COMMITTEE,<br><br>*Plaintiff*,<br><br>-against-<br><br>THE CITY OF NEW YORK; NEW YORK CITY POLICE COMMISSIONER JESSICA TISCH, *in her official capacity*; NEW YORK CITY MAYOR ERIC ADAMS*, in his official capacity;*<br><br>*Defendants*. | Case No. 1:24-cv-08683<br><br>Jury Trial Demanded<br><br>FRCP 65 Relief Sought |

**COMPLAINT FOR DECLARATION OF RIGHTS, TEMPORARY RESTRAINING ORDER, AND OTHER INJUNCTIVE RELIEF**

Plaintiffs, TEAMSTERS LOCAL UNION NO. 804 and TEAMSTERS AMAZON NATIONAL NEGOTIATING COMMITTEE (collectively "Plaintiffs"), by counsel, and hereby state the following claims for relief against the Defendants, NEW YORK CITY POLICE DEPARTMENT and NEW YORK CITY POLICE COMMISSIONER JESSICA TISCH (collectively, the "Defendants"). Plaintiffs seek declaratory and injunctive relief against Defendants.

**I.     PRELIMINARY STATEMENT**

1. Plaintiffs seek to preserve and exercise their members' constitutional and statutory rights to engage in lawful expressive activity and concerted labor activity pursuant to the First Amendment to the United States Constitution and Section 7 of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 157. When Teamsters members have attempted to engage in such activities on and around Amazon's facilities and public property adjoining Amazon's facilities, Defendants,

1

acting under color of state law, have prevented them from doing so.

2. Thus, Plaintiffs seek declaratory and injunctive relief against Defendants ordering them to permit its members to: (1) engage in expressive activity on or around public sidewalks and rights-of-way around Amazon's facilities in New York City and (2) engage in labor organizing and other protected concerted activities on Amazon's property to the extent permitted by Section 7 of the NLRA. In support thereof, Plaintiffs state as follows:

## II.     PARTIES, JURISDICTION, AND VENUE

3. Plaintiff TEAMSTERS LOCAL UNION NO. 804 is a labor union that represents more than 7,000 members in metro New York. Teamsters Local 804 is affiliated with the International Brotherhood of Teamsters.

4. Plaintiff AMAZON LABOR UNION, INTERNATIONAL BROTHERHOOD OF TEAMSTERS LOCAL 1 is a labor union that was selected as the exclusive bargaining representative by a majority of employees at Amazon's JFK8 fulfillment center, located at 546 Gulf Ave, Staten Island, NY 10314, in an election conducted by the National Labor Relations Board ("NLRB") in April 2022. Certification of these results is currently pending. ALU-IBT Local 1 is affiliated with the International Brotherhood of Teamsters.

5. Defendant NEW YORK CITY POLICE DEPARTMENT ("NYPD") is a municipal police department located at 1 Police Plaza, New York, NY 10038. The NYPD is the primary law enforcement and investigation agency servicing New York City.

6. Defendant JESSICA TISCH is the Commissioner of the NYPD. As such, Defendant Tisch is the chief executive officer of the NYPD. Thus, she has primary responsibility for overseeing the NYPD's operations, establishing its policy and practices, and determining the manner and extent of its enforcement of the law.

7. Defendant Tisch is sued her official capacity.

8. Defendant Eric Adams is the Mayor of the City of New York. As such, he has authority to direct actions by members of the NYPD.

9. Defendant Adams is sued in his official capacity.

10. Either individually or between them, Defendants Tisch and Adams are the appropriate *Ex parte Young* defendants in that, collectively, they possess the authority and power to provide the relief requested by Plaintiffs.

11. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

12. Venue is proper pursuant to 28 U.S.C. § 1391, *et seq.*, in the Eastern District of New York, among other reasons, as the place where the majority of the actions complained of herein occurred. The City of New York, upon information and belief, also has places of business within this District.

13. Venue in this Court is proper pursuant to C.P.L.R § 503(a) as the substantial part of the acts or omissions giving rise to the claims herein occurred in Queens County, New York.

### III. FACTUAL ALLEGATIONS

#### a. Background Facts

14. Pursuant to Section 9(a) of the NLRA, 29 U.S.C. § 159(a), a majority of employees at Amazon's JFK8 fulfillment center selected ALU-IBT Local 1 to serve as their exclusive bargaining representative in an election conducted by the NLRB in April 2022. Certification of these results is currently pending.

15. In performance of its statutory duty to collectively bargain on behalf of these employees, ALU-IBT Local 1 has been attempting to negotiate a collective bargaining agreement

with Amazon for several years.

16. Despite these efforts, Amazon has refused to recognize or bargain with ALU-IBT Local 1, as required by Section 8(d) of the NLRA. 29 U.S.C. § 158(d).

17. Furthermore, Amazon has engaged in a systematic campaign of unlawful conduct intended to undermine and destroy ALU-IBT Local 1. This campaign includes surveillance, harassment, threats, retaliation, and intimidation. These acts constitute violations of Section 8(a)(1), 29 U.S.C. § 158(a)(1), Section 8(a)(3), 29 U.S.C. § 158(a)(3), and Section 8(a)(5) of the NLRA, 29 U.S.C. § 158(a)(5). Several unfair labor practice charges related to this conduct are currently pending before the NLRB.

18. Accordingly, in order to protest and resist Amazon's unlawful conduct, the International Brotherhood of Teamsters, acting in accordance with its International Constitution, began a lawful primary strike against Amazon on December 19, 2024. The strike, and accompanying picket lines, included locations across the country, including several in New York City.

19. These activities are protected by Section 7 of the NLRA, which guarantees employees "the right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection." 29 U.S.C. § 157.

    a. **Facts Relating to Events of December 19, 2024**

20. As part of the above-mentioned primary labor dispute with Amazon, on December 19, 2024, members of Teamsters Local 804 instituted a primary picket line at several of Amazon's facilities in New York City, including Amazon's DBK4 warehouse, located at 55-15 Grand Ave, Queens, NY 11378. Upon information and belief, these picket lines were on public property.

21. These pickets were lawful primary activity protected under Section 7 of the NLRA. 29 U.S.C. § 157. Furthermore, at all times, the picket and picketers near Amazon's DBK4 facility were orderly and peaceable in accordance with the Teamsters' picketing instructions, attached as **Exhibit 1**. On information and belief, at no time did any picketers engage in any disorderly, disruptive, violent, threatening, or otherwise unlawful activity.

22. Nonetheless, despite the lawful and peaceful nature of the pickets, officers of the NYPD, under color of state law, erected barricades and otherwise barricaded at the entrances to Amazon's premises in order to prevent picketers from patrolling near the premises. On information and belief, this was done with no prior warning and for no ostensible purpose.

23. Upon information and belief, these actions were taken as a matter of policy and/or custom by the NYPD, at the direction, implied or express, of Defendant Caban, an agent with final policymaking authority within the Department.

24. As a result of Defendants' unlawful conduct, members of Teamsters Local 804 and ALU-IBT Local 1 were and remain unable to engage in lawful primary picketing activity protected under Section 7 of the NLRA, 29 U.S.C. § 157, in addition to the First Amendment to the U.S. Constitution, U.S. CONST. amend. I, on public property near Amazon's DBK4 warehouse.

**FIRST CAUSE OF ACTION**
*42 U.S.C. § 1983: First Amendment*

25. Plaintiffs incorporate by reference all allegations and assertions contained in all the paragraphs above as if set forth fully herein.

26. The First Amendment to the U.S. Constitution guarantees that government may make no law "abridging the freedom of speech." U.S. CONST. amend. I. The First Amendment has been incorporated against the states through the Fourteenth Amendment. U.S. CONST. amend. XIV;

*Gitlow v. New York*, 268 U.S. 652 (1925).

27. By calling attention to Amazon's poor working conditions and unfair labor practices, Plaintiffs' members were engaged in expressive activity protected by the First Amendment.

28. Public streets and sidewalks are traditional public forums. *McCullen v. Coakley*, 573 U.S. 464, 476-77 (2014). Thus, any governmental interference with protected expressive activities in such locations triggers heightened scrutiny under the First Amendment. *Id.* That is, limitations on expression may be upheld only if they are "reasonable restrictions on the time, place, or manner of protected speech, provided the restrictions are justified without reference to the content of the regulated speech, they are narrowly tailored to serve a significant governmental interest, and they leave open alternative channels for communication of the information." *Id.* at 477 (internal quotations omitted).

29. Therefore, Defendants' actions violated Plaintiffs' members' First Amendment right to engage in speech and expressive activities.

30. Moreover, the First Amendment guarantees the right "of the people peaceably to assemble." U.S. CONST. amend. I. This guarantee has also been incorporated against the states through the Fourteenth Amendment. U.S. CONST. amend. XIV; *see DeJonge v. Oregon*, 299 U.S. 353 (1937).

31. This guarantee includes the right to assemble on public streets and sidewalks. *Shuttlesworth v. Birmingham*, 394 U.S. 147 (1969). Because these rights are "fundamental," any governmental abridgement thereof triggers strict scrutiny. *Clark v. Jeter*, 486 U.S. 456, 461 (1988).

32. Accordingly, Defendants' restriction of Plaintiffs' members' right to peaceably assemble is also a violation of the First Amendment, for it is not narrowly tailored to achieve a

compelling governmental interest, as explained above.

33. Furthermore, Defendants' wrongful actions have chilled Plaintiffs' members' exercise of their right to engage in protected First Amendment activity, and, without redress from this Court, will continue to do so.

34. Defendants' conduct was a direct and proximate cause of the deprivation of rights suffered by Plaintiffs and their members. In addition, at all times relevant to this action, Defendants were acting under color of state law in their capacity as NYPD officers.

35. Therefore, Defendants deprived Plaintiffs and their members of their First Amendment rights of speech and assembly under color of state law in violation of 42 U.S.C. § 1983.

## SECOND CAUSE OF ACTION
*42 U.S.C. § 1983: 29 U.S.C. § 157 Right to Organize*

36. Plaintiffs incorporate by reference all allegations and assertions contained in previous paragraphs as if set forth fully herein.

37. Section 7 of the NLRA guarantees employees "the right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection." 29 U.S.C. § 157.

38. The right to peacefully picket is encompassed within Section 7's broad protections. *Steelworkers v. Labor Board*, 376 U.S. 492, 499 (1964).

39. This right, derived from federal law, supersedes any contrary or conflicting state law, including state property laws, under the Supremacy Clause of the U.S. Constitution. U.S. CONST. art. VI, cl. 2.

40. Thus, Defendants wrongfully deprived Plaintiffs and their members of their rights

7

under Section 7 of the NLRA by inhibiting their ability to engage in lawful primary picketing activities.

41. Defendants' conduct was a direct and proximate cause of the deprivation of rights suffered by Plaintiffs and their members. In addition, at all times relevant to this action, Defendants were acting under color of state law in their capacity as NYPD officers.

42. Accordingly, Defendants deprived Plaintiffs and their members of their Section 7 rights under color of state law in violation of 42 U.S.C. § 1983.

## THIRD CAUSE OF ACTION
*42 U.S.C. § 1983: Equal Protection*

43. Plaintiff incorporates by reference all the allegations set forth in all preceding and following paragraphs as if fully set forth herein.

44. As discussed herein, Defendant City designed and/or implemented policies and practices pursuant to which those individual Defendants who ordered, effected, and otherwise participated in detaining Plaintiff thus subjected Plaintiff to the above-described violations of Plaintiff's Equal Protection rights.

45. As a result of Defendants' acts and omissions, Defendants deprived Plaintiffs of their federal, state, and/or other legal rights; caused Plaintiff bodily injury, pain, suffering, psychological and/or emotional injury, and/or humiliation; caused Plaintiff to expend costs and expenses; and/or otherwise damaged and injured Plaintiff.

## JURY DEMAND

46. Plaintiff requests a jury trial on all issues capable of being tried and determined by a jury pursuant to Fed. R. Civ. P. 38.

**REQUEST FOR RELIEF AND DEMAND FOR JUDGMENT**

WHEREFORE, Plaintiffs respectfully request that this Court:

A. On their first claim:

1. Enter a temporary restraining order, preliminary injunction, and permanent injunction restraining and enjoining the Defendants from engaging in any conduct interfering with Plaintiff or its members' First Amendment rights, thereby requiring that Defendants permit Plaintiff and its members to engage in expressive activity, including peaceful labor demonstrations or picketing, in and around all public sidewalks, easements, and rights-of-way around Amazon's facilities in New York City, including but not limited to its JFK8, LDJ5, and DBK4 fulfillment centers;

2. Issue a declaration that Defendants' actions are unlawful deprivations of Plaintiffs' and their members' First Amendment rights;

3. Award Plaintiffs costs and attorneys' fees pursuant to 42 U.S.C. § 1988; and

4. Grant any and all other relief this Court may deem equitable, just, and proper.

B. On their second claim:

1. Enter a temporary restraining order, preliminary injunction, and permanent injunction restraining and enjoining the Defendants from engaging in any conduct interfering with Plaintiffs or their members' rights under 29 U.S.C. § 157, thereby requiring that Defendants permit Plaintiffs and their members to engage in protected concerted activity for mutual aid or protection on or around nonworking areas of Amazon's facilities, including but not limited to its JFK8, LDJ5, and DBK4 fulfillment centers;

2. Issue a declaration that Defendants' actions are unlawful deprivations of Plaintiffs' and their members' rights under 29 U.S.C. § 157;

3. Award Plaintiffs costs and attorneys' fees pursuant to 42 U.S.C. § 1988; and

4. Grant any and all other relief this Court may deem equitable, just, and proper.

Dated: New York, NY
       December 19, 2024

                                                **EISNER DICTOR & LAMADRID, P.C.**

By: _____
Thomas J. Lamadrid
39 Broadway, Suite 1540
New York, NY 10006
T: 212-473-8700
F: 212-473-8705
thomas@eisnerdictor.com

                                                **COHEN&GREEN P.L.L.C.**

By: _____
Elena L. Cohen
J. Remy Green
Leena Widdi
1639 Centre Street, Suite 216
Ridgewood, NY 11385
(929) 888-9480
elena@femmelaw.com
remy@femmelaw.com
leena@femmelaw.com

                                                **GIDEON ORION OLIVER**

_____
277 Broadway, Suite 1501
New York, NY 10007
t: 718-783-3682
f: 646-349-2914
Gideon@GideonLaw.com

*Attorneys for Plaintiffs*