UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TEAMSTERS LOCAL UNION NO. 804 and TEAMSTERS AMAZON NATIONAL NEGOTIATING COMMITTEE,<br><br>*Plaintiff*,<br><br>-against-<br><br>THE CITY OF NEW YORK; NEW YORK CITY POLICE COMMISSIONER JESSICA TISCH, *in her official capacity*; NEW YORK CITY MAYOR ERIC ADAMS*, in his official capacity;*<br><br>*Defendants*. | **COMPLAINT**<br><br>Case No. 1:24-cv-08683<br><br>Jury Trial Demanded<br><br>FRCP 65 Relief Sought |

**COMPLAINT FOR DECLARATION OF RIGHTS, TEMPORARY RESTRAINING ORDER, OTHER INJUNCTIVE RELIEF, AND DAMAGES**

Plaintiffs, TEAMSTERS LOCAL UNION NO. 804 and TEAMSTERS AMAZON NATIONAL NEGOTIATING COMMITTEE (collectively "Plaintiffs"), by counsel, and hereby state the following claims for relief against the Defendants, CITY OF NEW YORK, NEW YORK CITY POLICE COMMISSIONER JESSICA TISCH, and NEW YORK CITY MAYOR ERIC ADAMS (collectively, the "Defendants"). Plaintiffs seek declaratory and injunctive relief against Defendants, as well as damages.

**I.     PRELIMINARY STATEMENT**

1. Plaintiffs seek to preserve and exercise their members' constitutional and statutory rights to engage in lawful expressive activity and concerted labor activity pursuant to the First Amendment to the United States Constitution and Section 7 of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 157 as well as the Constitution of the State of New York. When Teamsters members have attempted to engage in such activities on and around Amazon's facilities and public

1

property adjoining Amazon's facilities, Defendants, acting under color of state law, have prevented them from doing so.

2. Thus, Plaintiffs seek declaratory and injunctive relief against Defendants ordering them to permit its members to: (1) engage in expressive activity on or around public sidewalks and rights-of-way around Amazon's facilities in New York City and (2) engage in labor organizing and other protected concerted activities on and near Amazon's property to the extent permitted by Section 7 of the NLRA. Plaintiffs also seek damages. In support thereof, Plaintiffs state as follows:

## II.    PARTIES, JURISDICTION, AND VENUE

3. Plaintiff TEAMSTERS LOCAL UNION NO. 804 is a labor union that represents more than 7,000 members in metro New York.  Teamsters Local 804 is affiliated with the International Brotherhood of Teamsters.

4. Plaintiff TEAMSTERS AMAZON NATIONAL NEGOTIATING COMMITTEE ("TANNC") a committee of affiliated local unions, including Amazon Labor Union No. 1, International Brotherhood of Teamsters ("ALU-IBT Local 1"), Teamsters Local Union 396, and Teamsters Local Union 705 of the International Brotherhood of Teamsters, is a national bargaining committee created pursuant to the International Brotherhood of Teamsters ("IBT") Constitution, which is empowered to negotiate with Amazon.com Services LLC ("Amazon") on behalf its affiliated local unions and their members.

5. Defendant CITY OF NEW YORK ("New York City") was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

6. Defendant ERIC ADAMS is the Mayor of the City of New York.  As such, he has

authority to direct actions by members of the NYPD.

7. Defendant Adams is sued in his official capacity.

8. Defendant JESSICA TISCH is the Commissioner of the NYPD. As such, Defendant Tisch is the chief executive officer of the NYPD. Thus, she has primary responsibility for overseeing the NYPD's operations, establishing its policy and practices, and determining the manner and extent of its enforcement of the law.

9. Defendant Tisch is sued her official capacity.

10.

11. Either individually or between them, Defendants Tisch and Adams are the appropriate *Ex parte Young* defendants in that, collectively, they possess the authority and power to provide the relief requested by Plaintiffs.

12. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

13. The Federal Declaratory Judgment Act, 28 USC §§ 2201 and 2202, authorizes this Court to grant Plaintiffs the declaratory relief they pray for herein.

14. Rule 65 of the Federal Rules of Civil Procedure authorizes this Court to grant Plaintiffs the injunctive relief they pray for herein.

15. Venue is proper pursuant to 28 U.S.C. § 1391, *et seq*., in the Eastern District of New York, among other reasons, as the place where the majority of the actions complained of herein occurred. The City of New York, upon information and belief, also has places of business within this District.

### III. FACTUAL ALLEGATIONS

    a. Background Facts

16. Pursuant to Section 9(a) of the NLRA, 29 U.S.C. § 159(a), a majority of employees at Amazon's JFK8 fulfillment center selected ALU-IBT Local 1 to serve as their exclusive bargaining representative in an election conducted by the NLRB in April 2022. Certification of these results is currently pending.

17. In performance of its statutory duty to collectively bargain on behalf of these employees, ALU-IBT Local 1 has been attempting to negotiate a collective bargaining agreement with Amazon for several years.

18. Despite these efforts, Amazon has refused to recognize or bargain with ALU-IBT Local 1, as required by Section 8(d) of the NLRA. 29 U.S.C. § 158(d).

19. Furthermore, Amazon has engaged in a systematic campaign of unlawful conduct intended to undermine and destroy ALU-IBT Local 1. This campaign includes surveillance, harassment, threats, retaliation, and intimidation. These acts constitute violations of Section 8(a)(1), 29 U.S.C. § 158(a)(1), Section 8(a)(3), 29 U.S.C. § 158(a)(3), and Section 8(a)(5) of the NLRA, 29 U.S.C. § 158(a)(5). Several unfair labor practice charges related to this conduct are currently pending before the NLRB.

20. Accordingly, in order to protest and resist Amazon's unlawful conduct, the International Brotherhood of Teamsters, acting in accordance with its International Constitution, began a lawful primary strike against Amazon on December 19, 2024. The strike, and accompanying picket lines, included locations across the country, including several in New York City.

21. These activities are protected by Section 7 of the NLRA, which guarantees employees "the right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the

purpose of collective bargaining or other mutual aid or protection." 29 U.S.C. § 157.

    a. **Facts Relating to Events of December 19, 2024**

22. As part of the above-mentioned primary labor dispute with Amazon, on December 19, 2024, members of Teamsters Local 804 instituted a primary picket line at several of Amazon's facilities in New York City, including Amazon's DBK4 warehouse, located at 55-15 Grand Ave, Queens, NY 11378. Upon information and belief, these picket lines were on public property.

23. These pickets were lawful primary activity protected under Section 7 of the NLRA. 29 U.S.C. § 157. Furthermore, at all times, the picket and picketers near Amazon's DBK4 facility were orderly and peaceable in accordance with the Teamsters' picketing instructions, attached as **Exhibit 1**. On information and belief, at no time did any picketers engage in any disorderly, disruptive, violent, threatening, or otherwise unlawful activity.

24. Nonetheless, despite the lawful and peaceful nature of the pickets, members of the NYPD, under color of state law, erected barricades and otherwise barricaded at the entrances to Amazon's premises in order to prevent picketers from patrolling near the premises.

25. On information and belief, this was done with no prior warning.

26. On information and belief, this was done for no ostensible purpose.

27. Additionally, on information and belief, members of the NYPD threatened, and made, arrests at the picket, unreasonably restricted picketers from crossing a driveway at the location of the picket, confined participants to spaces that were too small, and otherwise unreasonably interfered with the picket.

28. Upon information and belief, these actions were taken as a matter of policy and/or custom by the NYPD, at the direction, implied or express, of Defendant Tisch or Defendant Adams, an agent with final policymaking authority within the Department.

29. As a result of Defendants' unlawful conduct, members of Teamsters Local 804 and ALU-IBT Local 1 were and remain unable to engage in lawful primary picketing activity protected under Section 7 of the NLRA, 29 U.S.C. § 157, in addition to the First Amendment to the U.S. Constitution, U.S. CONST. amend. I, on public property near Amazon's DBK4 warehouse.

## FIRST CLAIM
*42 U.S.C. § 1983: First Amendment*

30. Plaintiffs incorporate by reference all allegations and assertions contained in all the paragraphs above as if set forth fully herein.

31. The First Amendment to the U.S. Constitution guarantees that government may make no law "abridging the freedom of speech." U.S. CONST. amend. I. The First Amendment has been incorporated against the states through the Fourteenth Amendment. U.S. CONST. amend. XIV; *Gitlow v. New York*, 268 U.S. 652 (1925).

32. By participating in the picket and calling attention to Amazon's poor working conditions and unfair labor practices, Plaintiffs' members were engaged in expressive activity protected by the First Amendment.

33. Public streets and sidewalks are traditional public forums. *McCullen v. Coakley*, 573 U.S. 464, 476-77 (2014). Thus, any governmental interference with protected expressive activities in such locations triggers heightened scrutiny under the First Amendment. *Id.* That is, limitations on expression may be upheld only if they are "reasonable restrictions on the time, place, or manner of protected speech, provided the restrictions are justified without reference to the content of the regulated speech, they are narrowly tailored to serve a significant governmental interest, and they leave open alternative channels for communication of the information." *Id.* at 477 (internal quotations omitted).

34. Therefore, Defendants' actions violated Plaintiffs' members' First Amendment right to engage in speech and expressive activities.

35. Moreover, the First Amendment guarantees the right "of the people peaceably to assemble." U.S. CONST. amend. I.  This guarantee has also been incorporated against the states through the Fourteenth Amendment.  U.S. CONST. amend. XIV; *see DeJonge v. Oregon*, 299 U.S. 353 (1937).

36. This guarantee includes the right to assemble on public streets and sidewalks. *Shuttlesworth v. Birmingham*, 394 U.S. 147 (1969).  Because these rights are "fundamental," any governmental abridgement thereof triggers heightened scrutiny.  *Clark v. Jeter*, 486 U.S. 456, 461 (1988).

37. Accordingly, Defendants' restriction of Plaintiffs' members' right to peaceably assemble is also a violation of the First Amendment, for it is not narrowly tailored to achieve a compelling governmental interest and fails to provide ample alternatives for expression.

38. Furthermore, Defendants' wrongful actions have chilled Plaintiffs' members' exercise of their right to engage in protected First Amendment activity, and, without redress from this Court, will continue to do so.

39. Defendants' conduct was a direct and proximate cause of the deprivation of rights suffered by Plaintiffs and their members.  In addition, at all times relevant to this action, Defendants were acting under color of state law in their capacity as NYPD officers.

40. Therefore, Defendants deprived Plaintiffs and their members of their First Amendment rights of speech, expression, and assembly under color of state law, in violation of 42 U.S.C. § 1983.

## SECOND CLAIM

*42 U.S.C. § 1983:  29 U.S.C. § 157 Right to Organize*

41. Plaintiffs incorporate by reference all allegations and assertions contained in previous paragraphs as if set forth fully herein.

42. Section 7 of the NLRA guarantees employees "the right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection."  29 U.S.C. § 157.

43. The right to peacefully picket is encompassed within Section 7's broad protections. *Steelworkers v. Labor Board*, 376 U.S. 492, 499 (1964).

44. This right, derived from federal law, supersedes any contrary or conflicting state law, including state property laws, under the Supremacy Clause of the U.S. Constitution.  U.S. CONST. art. VI, cl. 2.

45. Thus, Defendants wrongfully deprived Plaintiffs and their members of their rights under Section 7 of the NLRA by inhibiting their ability to engage in lawful primary picketing activities.

46. Defendants' conduct was a direct and proximate cause of the deprivation of rights suffered by Plaintiffs and their members.

47. Accordingly, Defendants deprived Plaintiffs and their members of their Section 7 rights under color of state law in violation of 42 U.S.C. § 1983.

## JURY DEMAND

48. Plaintiffs request a jury trial on all issues capable of being tried and determined by a jury pursuant to Fed. R. Civ. P. 38.

**REQUEST FOR RELIEF AND DEMAND FOR JUDGMENT**

WHEREFORE, Plaintiffs respectfully request that this Court:

A. On their first claim:

1. Enter a temporary restraining order, preliminary injunction, and permanent injunction restraining and enjoining the Defendants from engaging in any conduct interfering with Plaintiffs' or their members' First Amendment rights, thereby requiring that Defendants permit Plaintiffs and their members to engage in expressive activity, including peaceful labor demonstrations or picketing, in and around all public sidewalks, easements, and rights-of-way around Amazon's facilities in New York City, including, but not limited to, its JFK8, LDJ5, and DBK4 fulfillment centers;

2. Issue a declaration that Defendants' actions are unlawful deprivations of Plaintiffs' and their members' First Amendment rights;

3. Award damages;

4. Award Plaintiffs costs and attorneys' fees pursuant to 42 U.S.C. § 1988; and

5. Grant any and all other relief this Court may deem equitable, just, and proper.

B. On their second claim:

1. Enter a temporary restraining order, preliminary injunction, and permanent injunction restraining and enjoining the Defendants from engaging in any conduct interfering with Plaintiffs or their members' rights under 29 U.S.C. § 157, thereby requiring that Defendants permit Plaintiffs and their members to engage in protected concerted activity for mutual aid or protection on or around nonworking areas of Amazon's facilities, including, but not limited to, its JFK8, LDJ5, and DBK4 fulfillment centers;

2. Issue a declaration that Defendants' actions are unlawful deprivations of Plaintiffs' and

  their members' rights under 29 U.S.C. § 157;

3. Award damages;

4. Award Plaintiffs costs and attorneys' fees pursuant to 42 U.S.C. § 1988; and

5. Grant any and all other relief this Court may deem equitable, just, and proper.

Dated: New York, NY
   December 19, 2024

            **EISNER DICTOR & LAMADRID, P.C.**

By: _____
   Thomas J. Lamadrid
   39 Broadway, Suite 1540
   New York, NY 10006
   T: 212-473-8700
   F: 212-473-8705
   thomas@eisnerdictor.com

            **COHEN&GREEN P.L.L.C.**

By: _____
   Elena L. Cohen
   J. Remy Green
   Leena Widdi, *pro hac vice forthcoming*
   1639 Centre Street, Suite 216
   Ridgewood, NY 11385
   (929) 888-9480
   elena@femmelaw.com
   remy@femmelaw.com
   leena@femmelaw.com

            **GIDEON ORION OLIVER**

_____
   277 Broadway, Suite 1501
   New York, NY 10007
   t: 718-783-3682 x 5
   f: 646-349-2914
   Gideon@GideonLaw.com

   *Attorneys for Plaintiffs*