UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TEAMSTERS LOCAL UNION NO. 804 and TEAMSTERS AMAZON NATIONAL NEGOTIATING COMMITTEE,<br><br>*Plaintiff*,<br><br>-against-<br><br>THE CITY OF NEW YORK; NEW YORK CITY POLICE COMMISSIONER JESSICA TISCH, *in her official capacity*; NEW YORK CITY MAYOR ERIC ADAMS, *in his official capacity;*<br><br>*Defendants*. | **DECLARATION OF GIDEON ORION OLIVER**<br><br>Case No. 1:24-cv-08683 |

GIDEON ORION OLIVER hereby declares under penalty of perjury that the following statements are true and correct:

1. I am among co-counsel for Plaintiffs.

2. As outlined in the Complaint in this matter (ECF 8), since earlier today, Plaintiffs and their members have been engaging in – among other protected conduct - picketing and other activities in New York City related to Amazon.com Services LLC ("Amazon"), including on the sidewalks adjacent to Amazon's Fulfillment Center DBK4 located at 5515 Grand Ave., Maspeth, NY 11378 ("DKB4").

3. However, NYPD members have responded to the picket and related protected activities by imposing unreasonable restrictions on Plaitniffs' and their members' protected conduct, including, but not limited to, by unreasonably interfering with Plaintiffs' picket, and by threatening and making arrests.

4. Plaintiffs intend to continue to engage in picketing and other protected conduct, including at DBK4.

1

5. Plaintiffs therefore now move by Order to Show Cause (the "OTSC") for a temporary restraining order, and an emergency preliminary injunction, enjoining and restraining Defendants from interfering with Plaintiffs' rights under Section 7 of the National Labor Relations Act, or otherwise interfering with Plaintiffs' federal and civil rights in violation of the First Amendment to the United States Constitution, the New York State Constitution, and/or 42 U.S.C. § 1983, related to Plaintiffs' lawful and protected picket at and around the Amazon Fulfillment Center DBK4 located at 5515 Grand Ave., Maspeth, NY 11378, including, but not limited to, placing barricades that unduly block access to the picket line or unduly restrain the picketers, including by blocking picketers' ability to patrol entrances; arresting picketers for crossing the street or participating in pickets; and arresting picketers for patrolling the driveway.

6. Plaintiffs ask for oral argument in connection with this application.

7. Plaintiffs further ask for an emergency hearing on their preliminary injunction application.

8. I submit this declaration and its exhibits in support of those applications, including to provide the Court with proof of the notice required by Fed.R.Civ.P. 65(b), as well as the factual basis related to why a procedure other than by notice of motion is necessary, as required by Local Rule 6.1(d).

**Fed.R.Civ.P. 65(b) Notice**

9. At approximately 3:09pm on December 19, 2024, I sent a letter (the "Notice") by e-mail attachment to the Corporation Counsel of the City of New York and the Deputy Commissioner for Legal Matters for the New York City Police Department advising them

that Plaintiffs would file this litigation and seek a temporary restraining order and emergency injunctive relief, later that afternoon.

10. Attached collectively as Exhibit 1 are copies of that e-mail and attachment.

11. Attached as Exhibit 2 is a copy of the e-mail acknowledging service of the notice on Defendant City of New York, via the Law Department.

12. Additionally, at around 3:26pm on December 19, 2024, I forwarded a copy of Exhibit 1 to the Deputy Chief of the Special Federal Litigation Division at the New York City Law Department, to point up service of the Notice.

13. To date, aside from the acknowledgement above, I have not received any further response to the Notice.

**Local Rule 61.(d) Factors**

14. As outlined in the Complaint, as well as the papers supporting Plaintiffs' application for interim relief, the police response that Plaintiffs challenge began to occurred on the morning of December 19, 2024, and Plaintiffs filed this litigation just a few hours later.

15. Beyond that, this is an emergency application arising from critically time-sensitive and urgent, protected activities, which is designed to prevent ongoing and future harms to Plaintiffs' fundamental rights, seeking either the relief requested on the papers, or an immediate hearing.

16. Under the circumstances, I respectfully submit that proceeding by emergency application, rather than by notice of motion, was necessary.

Dated:  Brooklyn, New York
        December 19, 2024

_____

3