**Gideon Orion Oliver**
—ATTORNEY AT LAW—
He/him/his

277 Broadway, Suite 1501
New York, NY 10007

1825 Foster Avenue, Suite 1K
Brooklyn, NY 11230

Gideon@GideonLaw.com\*
GideonLaw.com

**Office**: (718) 783-3682
**Signal**: (646) 263-3495
**Fax**: (646) 349-2914\*

*\*Not for service*

December 30, 2024

**BY ECF**
Honorable Frederic Block
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *Teamsters Local Union 804, et al. v. City of New York, et. al* –
              24-CV-08683 (FB)(TAM)

Your Honor:

    I am co-counsel for Plaintiffs in this matter. Under the Court's practices, this letter is a response to the substance of Amazon's request for a pre-motion conference on a proposed motion to intervene. ECF No. 18. As set out below, the Court should deny Amazon's request, because Amazon has failed to "set[] forth" any reasonable "basis for the anticipated motion." Individual Rules of the Hon. Frederic Block, ¶ 2(A).

    A party seeking to intervene in an action must, generally speaking (1) file a timely motion; (2) have a cognizable, legal interest in what is being litigated, (3) demonstrate that without intervention that interest will be harmed, and (4) show that its interest is not adequately represented by the other parties. *MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 389 (2d Cir. 2006) (*citing United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 70 (2d Cir. 1994)). Amazon's application fails on each of these elements — but this letter focuses on (2), because it is dispositive.

    **I.**    **Amazon Has No Legally Protectable Interest in NYPD Arresting, Intimidating, or Otherwise Interfering with Picketers.**

    Without citing a single case or other authority, Amazon baldly claims "it has a vested interest in protecting its property rights, as well as its ability to conduct its business, and Plaintiffs, through this action, seek to deny and/or diminish those rights" and that "Amazon's interests may not be adequately known or protected by Defendants, whose primary focus is public safety." ECF No. 18 at 1. As set out below, Amazon's interest is simply not of the kind that intervention protects, because Amazon — like any other person or entity — has no right to compel police to behave in a particular way. *See generally, Castle Rock v. Gonzales*, 545 U.S. 748 (2005).

The Second Circuit "made it clear that, for an interest to be 'cognizable' under Rule 24, it must be 'direct, substantial, and legally protectable.'" *Floyd v. City of N.Y.*, 770 F.3d 1051, 1060 (2d Cir. 2014) (*quoting Bridgeport Guardians, Inc. v. Delmonte*, 602 F.3d 469, 473 (2d Cir. 2010)). That is, the interest asserted must be one the party actually has some right to enforce. *See, for example*, *NY News, Inc. v Kheel*, 972 F2d 482, 486 (2d Cir 1992) (a party mentioned and disparaged — allegedly frivolously — in proceedings may not intervene to file a Rule 11 motion, because their "remote interest in a streamlined, abuse-free judicial system is not a 'significantly protectable interest'"). *Accord also, e.g., SEC v Callahan*, 193 F Supp 3d 177, 207 (EDNY 2016) ("an investor has no 'legally protectable' right to the SEC's bringing (or continuing, or settling) an enforcement action").

Here, the Complaint asserts (among other things) that the City/New York City Police Department violated Plaintiffs' rights in taking certain enforcement actions — patrolling the picket, threatening and making arrests, and the like. But Amazon has identified no legally protected interest in whether the City takes those actions. Nor does it have one: Amazon, like any other party, does not have any "property interest in police enforcement" against Plaintiffs because "the benefit that a third party may receive from having someone else arrested for a crime generally does not trigger protections under the Due Process Clause,[1] neither in its procedural nor in its 'substantive' manifestations." *Castle Rock*, 545 US at 768. Amazon may not like having to face a picket, but it certainly has no *right* to demand the City's police force arrest picketers or take other, similar law enforcement actions.

Given the above, the Court should deny Amazon's proposed application. If the Court does not do so outright, and if, after reviewing *Castle Rock*, Amazon still intends to intervene, Plaintiffs ask that the Court direct that Amazon explain what right, exactly, it believes is both "'cognizable' under Rule 24" and "direct, substantial, and legally protectable" such that intervention would be warranted. *Floyd*, 770 F.3d at 1060.

Thank you for the Court's attention to this matter.

Respectfully submitted,

Gideon Orion Oliver

---

[1] Amazon's failure to cite any cases or make any attempt to "set[] forth" any detail about the "basis for the anticipated motion" (Individual Rules of the Hon. Frederic Block, ¶ 2(A)) makes discerning what right, exactly, it is asserting hard to guess at. But since historically, arguments that there is some right to have police make certain arrests have been grounded in the Due Process Clause, this letter assumes Amazon would start (and perhaps end) there.