UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------- X
TEAMSTERS LOCAL UNION NO. 804 and
TEAMSTERS AMAZON NATIONAL
NEGOTIATING COMMITTEE,

        Plaintiffs,

   -against-

THE CITY OF NEW YORK; NEW YORK
CITY POLICE COMMISSIONER JESSICA
TISCH, *in her official capacity*; NEW YORK
CITY MAYOR ERIC ADAMS, *in his
official capacity*,

        Defendants.

--------------------------------------------------------- X

Civil Action No. 24-CV-08683 (FB) (TAM)

**ORAL ARGUMENT REQUESTED**

# MEMORANDUM OF LAW IN SUPPORT OF AMAZON.COM SERVICES LLC'S MOTION TO INTERVENE

On the Brief:
    Glenn J. Smith
    Victoria M. Vitarelli

Date Served: February 6, 2025

SEYFARTH SHAW LLP
620 Eighth Avenue
New York, New York 10018-1405
(212) 218-5500
*Attorneys for Proposed Intervenor*

316060489v.3

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ............................................................................................... 1

STATEMENT OF RELEVANT FACTS ................................................................................. 3

      A.      Background. ........................................................................................................ 3

      B.      The Picketing at DBK4. ..................................................................................... 5

ARGUMENT .............................................................................................................................. 6

      I.      Amazon Meets the Requirements for Intervention of Right................................. 6

      II.      In the Alternative, Permissive Intervention is Warranted...................................... 9

CONCLUSION......................................................................................................................... 11

316060489v.3

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Association of Connecticut Lobbyists LLV v. Garfield*,
  241 F.R.D. 100 (D. Conn. 2007) .................................................................................9

*In re Bank of New York Derivative*,
  320 F.3d 291 (2d Cir. 2003) ........................................................................................7

*Catanzano by Catanzano v. Wing*,
  103 F.3d 223 (2d Cir. 1996) ........................................................................................7

*Citizens Against Casino Gambling in Erie Cty. v. Hogen*,
  417 F. App'x 49 (2d Cir. 2011) .................................................................................10

*Citizens for an Orderly Energy Policy, Inc. v. Suffolk Cnty.*,
  101 F.R.D. 497 (E.D.N.Y. 1984) ..............................................................................10

*H.L. Hayden Co. of N.Y., Inc. v. Siemens Med. Sys., Inc.*,
  797 F.2d 85 (2d Cir. 1986) ........................................................................................10

*Herdman v. Town of Angelica*,
  163 F.R.D. 180 (W.D.N.Y. 1990) ...............................................................................9

*JPMorgan Chase Bank, Nat. Ass'n v. Nell*,
  No. 10-CV-1656 (RRM), 2012 U.S. Dist. LEXIS 42173, 2012 WL 1030904
  (E.D.N.Y. Mar. 27, 2012) ...........................................................................................8

*In re N.Y.C. Policing During Summer 2020 Demonstrations*,
  27 F.4d 792, 799 (2d Cir. 2022) ..................................................................................7

*Parris v. Fremont Inv. & Loan*,
  No 14-cv-06907 (KAM) (RER), 2017 U.S. Dist. LEXIS 142279 (E.D.N.Y.
  Aug. 31, 2017), *report and recommendation adopted*, 2017 U.S. Dist. LEXIS
  186601 (Nov. 6, 2017) ................................................................................................8

*St. John's Univ., N.Y. v. Bolton*,
  450 F. App'x 81 (2d Cir. 2011) .................................................................................10

*U.S. Postal Servs. v. Brennan*,
  579 F.2d 188 (2d Cir. 1978) ......................................................................................10

*United States v. Hooker Chemicals & Plastics Corp.*,
  749 F.2d 968 (2d Cir. 1984) ........................................................................................7

*United States v. Pitney Bowes, Inc.*,
    25 F.3d 66 (2d Cir. 1994) ................................................................................................. 7

**Other Authorities**

Fed. R. Civ. P. 24(a) ............................................................................................... 1, 6, 7, 8

Fed. R. Civ. P. 24(a)(2) ...................................................................................................... 6

Fed. R. Civ. P. 24(b) .............................................................................................. 1, 9, 10

Fed. R. Civ. P. 24(b)(1) ...................................................................................................... 6

Fed. R. Civ. P. 24(b)(1)(B) ............................................................................................... 10

Fed. R. Civ. P. 65 ............................................................................................................... 2

Amazon.com Services LLC ("Amazon" or the "Company"), by and through its attorneys, respectfully submits this Memorandum of Law in support of its Motion to Intervene (the "Motion") in this preliminary injunction and declaratory judgment action brought against the City of New York, New York City Police Commissioner Jessica Tisch, and New York City Mayor Eric Adams (collectively, the "New York City Defendants") by Plaintiffs Teamsters Local Union No. 804 and Teamsters Amazon National Negotiating Committee (collectively, "Plaintiffs"). The Company moves to intervene as a matter of right pursuant to Rule 24(a) of the Federal Rules of Civil Procedure ("FRCP"), or, with the Court's permission, pursuant to FRCP 24(b).

The New York City Defendants do not object to Amazon's intervention; Plaintiffs, however, object.

## PRELIMINARY STATEMENT

At its core, this action is about Plaintiffs' efforts to organize Amazon's employees by any means necessary and seeks this Court's imprimatur permitting Plaintiffs to unlawfully block ingress and egress to Amazon's facility at will. This includes circumventing Amazon's rights as an employer and private property holder by seeking to hamstring the New York City Police Department ("NYPD") from taking appropriate action when responding to Plaintiffs' picketing and protest activities at Amazon's facilities, including the DBK4 delivery station in Queens, New York. This action relies almost entirely upon allegations concerning Plaintiffs' labor dispute with Amazon and has little to do with alleged conduct by New York City Defendants. Given this, it is a creative (yet unsupportable) attempt to permit future activity by New York City Defendants against Amazon – essentially an effort to enjoin Amazon from conducting its business.

Amazon moves to intervene as a party defendant to protect its right to conduct business at DBK4 (and other locations), free from unlawful maneuvers masquerading as collective action. This includes safeguarding its property, particularly areas of ingress and egress, protecting its vendors, employees and third party business partners, and meeting its contractual commitments to customers. These interests are not shared by the New York City Defendants, whose focus is public safety and ensuring Plaintiffs' constitutional freedom of expression and their right to safely participate in lawful protest.

As Plaintiffs seek to dictate how the NYPD responds to their picketing at Amazon facilities, such as DBK4, Amazon has a direct and compelling interest in protecting itself against any injunction that would curtail the NYPD from doing its job, i.e., maintaining public order and safety during Plaintiffs' demonstrations and picketing activities on and near the Company's premises. Additionally, Amazon has a direct and compelling interest in protecting its rights under federal labor law and state mass picketing law to operate its business free of unlawful conduct by Plaintiffs.

This case is still in its infancy. Since commencing this action on December 19, 2024, Plaintiffs have discontinued their application for a temporary restraining order and requested an extension to April 24, 2025 to file their fully briefed motion for a preliminary injunction. The New York City Defendants have yet to answer the Complaint and no substantive rights have been determined.

Amazon's request to intervene is timely, and, if granted, will not disrupt the proceedings. Amazon intends to move to dismiss (as we assume Defendants will do) this action on the grounds that Plaintiffs cannot satisfy the requirements for injunctive relief under FRCP 65 and because this action is now moot. Plaintiffs ceased picketing DBK4 on December 23, 2024, and

have neither resumed nor announced any concrete plan to do so. If Plaintiffs do resume any labor dispute activity against Amazon, the particular conduct that occurs at that time will have to be evaluated as to whether it is lawful as against Amazon, and also as to the conduct of the Defendants (if any) in response to same.

For all of the reasons set forth herein and in the accompanying declarations, Amazon respectfully requests that the Motion be granted, in its entirety, along with such other and further relief as this Court deems just and proper.

## STATEMENT OF RELEVANT FACTS[1]

### A. Background.

Plaintiff, Teamsters Local Union No. 804 ("Local 804"), is a labor union that represents more than 7,000 employees in the metropolitan New York area. (ECF No. 8, Compl. ¶ 3.) Plaintiff, Teamsters Amazon National Negotiating Committee ("TANNC"), purports to be an agglomeration of Teamster affiliated local unions. (*Id.* at ¶ 4.) Neither Local 804 nor the International Brotherhood of Teamsters ("IBT") nor TANNC have been certified as the bargaining representative for any Amazon employees anywhere, including in New York City. Amazon disputes that the Teamsters or any of its local unions are the lawful representative of any Amazon employee or any employee of Amazon's third party business partners.

Proposed Intervenor-Defendant, Amazon.com Services LLC, is an e-commerce company that sells and distributes a vast array of goods and services to customers worldwide. (Declaration of Kelly Dawson ("Dawson Decl.") ¶ 2.) The Company manages the different storefronts on Amazon.com. (Dawson Decl. ¶ 3.) The Company also handles the delivery and logistics of

---

[1] For the purposes of this Motion only, Amazon assumes, as it must, the truth of the allegations asserted in Plaintiffs' Complaint. (*See* ECF No. 20.) Numbers in parentheses prefixed by "Compl. ¶ __" refer to paragraphs contained in the Complaint, dated December 19, 2024.

3

products for sale, taking orders placed on Amazon.com and shipping them to customers. (Dawson Decl. ¶ 3.) To that end, Amazon operates different fulfillment centers, delivery stations, and sorting facilities, including those specifically referenced in the Complaint: JFK8 and DBK4. (Dawson Decl. ¶ 4.)

DBK4, in particular, is a delivery station located at 55-15 Grand Avenue, Queens, NY 11378. (Compl. ¶ 22; Dawson Decl. ¶ 5.)  The premises comprising DBK4 cover nearly nine (9) acres and Amazon is the exclusive, long-term lease-holder of the premises. (Dawson Decl. ¶ 6.) DBK4 operates on a 24-hour, 7-day per week schedule and is dedicated to receiving, storing, assembling, displaying, shipping, distributing, preparing, selling and serving as a pickup/drop-off location for products, materials, and merchandise, and for fulfillment of orders and processing of returns. (Dawson Decl. ¶ 7.)   DBK4 also handles parking, storage and use of automobiles, trucks and trailers, including outdoor loading and unloading; light manufacturing, assembly and repairs; outdoor storage; general warehouse, distribution, office and data center use; ancillary and related uses. (Dawson Decl. ¶ 8.)

DBK4 consists of one five-story building. (Dawson Decl. ¶ 9.)  DBK4 has four primary access points, all of which are on Grand Avenue. (Dawson Decl. ¶ 10.) The first access point is a vehicle only entrance/exit, which has two lanes—one for entering and one for exiting. (Dawson Decl. ¶ 10(a).) This access point is used for general access to DBK4, and used by employees and third-parties who access DBK4. (Dawson Decl. ¶ 10(a).) The second access point has two exit only driveways, which are used only by delivery vans (operated by third party business partners) departing DBK4 to make delivers to Amazon customers. (Dawson Decl. ¶ 10(b).) The first exit driveway has one lane, and the second exit driveway has two lanes. (Dawson Decl. ¶ 10(b).) Each lane is wide enough to fit one Amazon van. (Dawson Decl. ¶ 10(b).) Each exit driveway

4

has its own gate, which separates the exit driveway from the public sidewalk on Grand Avenue. (Dawson Decl. ¶ 10(b).) When vans are not being dispatched, the gates are closed. When vans are being dispatched, the gate for the exit driveway from which vans are being dispatched is opened. (Dawson Decl. ¶ 10(b).) The third access point is a pedestrian only entrance/edit. (Dawson Decl. ¶ 10(c).) This access point has a gate and single door, permitting only individuals who have access via a security card. (Dawson Decl. ¶ 10(c).) The fourth access point is a loading dock / trailer yard. (Dawson Decl. ¶ 10(d).) This access point is only used by larger trucks and trailer trucks that delivery products to DBK4. (Dawson Decl. ¶ 10(d).) This access point has one wide lane accessible for trailer trucks. (Dawson Decl. ¶ 10(d).) Pedestrians and other vehicles are generally not permitted. (Dawson Decl. ¶ 10(d).)

### B. The Picketing at DBK4.

On December 18, 2024, Plaintiffs notified Amazon of their intent to commence a nationwide strike and "mass picketing" at several Company locations during the busy holiday season. (Declaration of Glenn Smith ("Smith Decl.") Exh. A – December 18, 2024 Notice of Strike Letter.) The stated reason for this labor action was the Company's alleged "unlawful" treatment of its employees, including its refusal to recognize or bargain with TANNC member ALU-IBT Local 1. (Compl. ¶ 18.)[2]

As promised, on December 19, 2024, Plaintiffs launched their picketing campaign at DBK4. (Dawson Decl. ¶ 11.) As many as 75-100 persons participated in the protests at DBK4. (Dawson Decl. ¶ 14.) While the Union referred to the dispute as a strike, less than 40 of the workers who are employed by Amazon or its third party business partners (out of a total of more than 800) participated in the protests. (Dawson Decl. ¶ 14).) Officers from the NYPD arrived on

---

[2] Plaintiffs claim that ALU-IBT Local 1 is the duly-elected representative of employees at Amazon's JFK8 fulfillment center (Compl. at ¶¶ 16-17.) Amazon disputes this claim.

5

316060489v.3

site and set up barricades on and around DBK4 to control crowding and ensure the safety of all involved, particularly around the driveway through which the delivery vans (operated by third party business partners) depart to make delivers. (Dawson Decl. ¶ 15.) Plaintiffs claim that the barricades were unduly restrictive and that the NYPD otherwise unreasonably interfered with the picket at DBK4, violating their constitutional and statutory rights. (Compl. ¶¶ 22-27.)

This notwithstanding, the picketing and protests at DBK4 continued over consecutive days and concluded on December 23, 2024. (Dawson Decl. ¶ 11.) During the picketing and protests, the protestors routinely blocked egress and ingress at the facility, including all of the access points described above. (Dawson Decl. ¶¶ 12-13).)

Additional facts appear below.

## ARGUMENT

Amazon satisfies all requirements to intervene in this action as a matter of right pursuant to Rule 24(a) of the FRCP. In the alternative, Amazon seeks the Court's permission to intervene pursuant to FRCP 24(b)(1).

**I.    Amazon Meets the Requirements for Intervention of Right.**

Rule 24(a) provides, in pertinent part, that upon timely application, the court must allow anyone to intervene who:

> claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect that interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2). The Second Circuit has established a four-factor test to determine whether a non-party seeking to intervene has satisfied Rule 24(a). To wit, a non-party must: "(1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected

6

adequately by the parties to the action." *In re N.Y.C. Policing During Summer 2020 Demonstrations*, 27 F.4d 792, 799 (2d Cir. 2022) (citation & quotations omitted). "Failure to satisfy any one of these requirements is a sufficient ground to deny [intervention]." *Id.* (*quoting Catanzano by Catanzano v. Wing*, 103 F.3d 223, 232 (2d Cir. 1996). Nonetheless, in the Second Circuit, application of Rule 24(a) "requires that its components be read not discretely, but together. A showing that a very strong interest exists may warrant intervention upon a lesser showing of impairment or inadequacy of representation." *United States v. Hooker Chemicals & Plastics Corp.*, 749 F.2d 968, 983 (2d Cir. 1984).

Amazon satisfies these criteria.

First, the Motion is timely. The timeliness of an application for intervention is evaluated under a "flexible and discretionary" standard including:

> (1) how long the applicant had notice of the interest before it made the motion to intervene; (2) prejudice to existing parties resulting from any delay; (3) prejudice to the applicant if the motion is denied; and (4) any unusual circumstances militating for or against a finding of timeliness.

*In re Bank of New York Derivative,* 320 F.3d 291, 300 (2d Cir. 2003), quoting *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 70 (2d Cir. 1994).

Plaintiffs commenced this action on December 19, 2024. Amazon notified the Court of its intervention interest by way of a request for a pre-motion conference on December 23, 2024, while Plaintiffs' picketing was still ongoing. No substantive action has been taken in this action and Amazon's intervention will not delay existing scheduling orders or otherwise prejudice the parties. There can be no dispute that Amazon has met the first factor.

Second, Amazon has a direct interest in the action. Plaintiffs' contention that the Company cannot have a "legal interest in police enforcement" is an inapt characterization. Rule 24(a) requires "an interest relating to the property or transaction that is the subject of the action."

7

The target of Plaintiffs' picketing and protest activities is Amazon and the locations at which they seek to curtail police involvement is at and around Amazon's properties in the metropolitan New York area, including the JFK8, LDJ5 and DBK4 facilities. (Compl. Wherefore Clause A-B.)  The transactions forming the subject of the action are not law enforcement *per se*, but Plaintiffs' picketing actions, which include attempts to block avenues of ingress to and egress from Amazon's DBK4 facility.  Thus, Plaintiffs' transparent intent of this action is to impact Amazon's business, not to limit some action of the New York City Defendants.  Amazon is the property holder of DBK4; it has the legal right to operate its business and a protectable interest in doing so without disruption, unlawful blockade, or trespass.  It is this right, this interest, that Amazon seeks to safeguard by motion to intervene in this matter.  "Courts in this district have consistently found that [a]n owner of property underlying an action has a direct interest in the action for Rule 24(a) purposes." *Parris v. Fremont Inv. & Loan*, No 14-cv-06907 (KAM) (RER), 2017 U.S. Dist. LEXIS 142279, at *4,7 (E.D.N.Y. Aug. 31, 2017), *report and recommendation adopted*, 2017 U.S. Dist. LEXIS 186601 (Nov. 6, 2017); *JPMorgan Chase Bank, Nat. Ass'n v. Nell*, No. 10-CV-1656 (RRM), 2012 U.S. Dist. LEXIS 42173, 2012 WL 1030904, at *3 (E.D.N.Y. Mar. 27, 2012).

Third, Amazon's interest may be impaired if an injunction issues that, by its terms, constrains the NYPD from using barricades to control crowds and allows picketers (indeed, permits picketers) to block driveways and harass visitors, vendors, third party business partners, and workers at Amazon facilities.  This risk is neither contingent nor hypothetical as Plaintiffs have demonstrated a willingness to disrupt Amazon's operations to force recognition to which they are not entitled.  Amazon has an interest to defend against Plaintiffs' anticipated motion for preliminary injunction and it is imperative that Amazon have the ability to do so in the first

8

instance, when Plaintiffs file their motion.

Finally, Amazon's interest cannot be protected adequately by the New York City Defendants. New York federal courts have also allowed intervention in actions against the government where the government has not shown a motivation to litigate vigorously and does not have the capacity to defend adequately its own interests and those of the prospective intervenor. Such was the case in *Herdman v. Town of Angelica*, 163 F.R.D. 180, 190 (W.D.N.Y. 1990), where the district court allowed an environmental defense group to intervene as a defendant where the town had not shown any interest in raising defenses propounded by the group and also lacked financial resources to mount a comprehensive defense. In *Association of Connecticut Lobbyists LLV v. Garfield*, 241 F.R.D. 100, 103 (D. Conn. 2007), the district court allowed the permissive intervention of parties who supported a new campaign finance law that banned lobbyists from contributing to prospective state political candidates. While the intervenors and the state government sought the same objective to sustain the law, the court found that the government's focus was on the broader social impact of the law while the intervenors' was the law's impact on future candidates and lobbying organizations. *Id.*

The New York City Defendants have a similarly broad interest in public safety and a mandate to ensure that Plaintiffs' constitutional and statutory rights to protest are safeguarded. Amazon has no such interest or mandate; its interests are private ones that do not belong to the general public.

## II. In the Alternative, Permissive Intervention is Warranted.

Even if the Court determines that Amazon is not entitled to intervention as a matter of right, intervention is separately warranted under Rule 24(b)'s "permissive intervention" standard, which allows for the intervention by anyone who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). A district court has

9

broad discretion to grant permissive intervention. *See St. John's Univ., N.Y. v. Bolton*, 450 F. App'x 81, 84 (2d Cir. 2011) ("A district court has broad discretion under Rule 24(b) to determine whether to permit intervention . . .").

"It is well-settled that the principal consideration in either granting or denying an application for permissive intervention is 'whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.'" *Citizens for an Orderly Energy Policy, Inc. v. Suffolk Cnty.*, 101 F.R.D. 497, 502 (E.D.N.Y. 1984) (*quoting U.S. Postal Servs. v. Brennan*, 579 F.2d 188, 191 (2d Cir. 1978)). Additional factors include "the nature and extent of the intervenors' interests, the degree to which those interests are adequately represented by other parties, and whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented." *Citizens Against Casino Gambling in Erie Cty. v. Hogen*, 417 F. App'x 49, 50 (2d Cir. 2011) (*quoting H.L. Hayden Co. of N.Y., Inc. v. Siemens Med. Sys., Inc.*, 797 F.2d 85, 89 (2d Cir. 1986)).

Here, and as discussed further above, Plaintiffs have not claimed prejudice or inconvenience by Amazon's proposed intervention. As for the New York City Defendants, they do not object to the intervention.

As discussed above, Amazon's application for intervention in this litigation is timely and its participation would neither delay the proceedings nor prejudice the adjudication of the rights of the existing parties. Additionally, Amazon's participation will lead to a fuller development of the factual record concerning the actions of Plaintiffs and the responses of the NYPD at DBK4. Amazon has knowledge of the facts central to Plaintiffs' action against the NYPD and a strong interest in resolving the legal issues raised in this action. Accordingly, Amazon meets the

10

requirements for permissive intervention.

## CONCLUSION

For all of the foregoing reasons, Amazon respectfully requests the Court's leave to intervene as a defendant in this matter, as of right, or, in the alternative, with the Court's permission.

Dated: New York, New York  
       February 6, 2025

Respectfully submitted,

SEYFARTH SHAW LLP

By: */s/ Glenn J. Smith*  
    Glenn J. Smith  
    Victoria Vitarelli  
    620 Eighth Avenue  
    New York, New York 10018  
    Telephone: (212) 218-5500  
    Facsimile: (212) 218-5526  
    Email: gsmith@seyfarth.com  
    Email: vvitarelli@seyfarth.com

Attorneys for Intervenor-Defendant  
Amazon.com Services LLC

316060489v.3