# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------- X
TEAMSTERS LOCAL UNION NO. 804 and :
TEAMSTERS AMAZON NATIONAL :
NEGOTIATING COMMITTEE, :
:
                Plaintiffs, :    Civil Action No. 24-CV-08683 (FB)
:                       (TAM)
      -against- :
:    **PROPOSED ANSWER OF**
THE CITY OF NEW YORK; NEW YORK :    **INTERVENOR-DEFENDANT,**
CITY POLICE COMMISSIONER JESSICA :    **AMAZON.COM SERVICES LLC**
TISCH, *in her official capacity*; NEW YORK :
CITY MAYOR ERIC ADAMS, *in his* :
*official capacity*, :
:
                Defendants. :
:
--------------------------------------------------------- X

    Intervenor-Defendant, Amazon.com Services LLC ("Amazon" or the "Company"), responds to the Complaint filed by Plaintiffs in the above-captioned action and states as follows:

    **I.**    **AS TO "PRELIMINARY STATEMENT"**

    1.    Denies each and every allegation contained in paragraph 1 of the Complaint.

    2.    Denies each and every allegation contained in paragraph 2 of the Complaint, except admits that Plaintiffs purport to seek the declaratory and injunctive relief and damages requested therein.

    **II.**    **AS TO "THE PARTIES, JURISDICTION, AND VENUE"**

    3.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint, except admits that Plaintiff, Teamsters Local Union No. 804 is a labor union and is affiliated with the International Brotherhood of Teamsters.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint.

5. Denies the allegations contained in paragraph 5 as they seek a legal conclusion, except admits that Defendant, City of New York, is municipal corporation of the State of New York.

6. Denies the allegations contained in paragraph 6 as they seek a legal conclusion, except admits that Defendant, Eric Adams, is Mayor of the City of New York.

7. Admits that Plaintiffs purport to sue Defendant Adams in his official capacity as alleged in paragraph 7 of the Complaint.

8. Denies the allegations contained in paragraph 8 of the Complaint as they seek a legal conclusion, except admits that Defendant, Jessica Tisch, is Commissioner of the New York City Police Department (hereinafter, the "NYPD").

9. Admits that Plaintiffs purport to sue Defendant Tisch in her official capacity as alleged in paragraph 9 of the Complaint.

10. *[No allegations asserted in paragraph 10 of the Complaint.]*

11. Denies the allegations contained in paragraph 11 of the Complaint as they seek a legal conclusion.

12. Denies the allegations contained in paragraph 12 of the Complaint, except admits Plaintiffs purport this Court has jurisdiction.

13. Denies the allegations contained in paragraph 13 of the Complaint as they seek a legal conclusion.

14. Denies the allegations contained in paragraph 14 of the Complaint as they seek a legal conclusion.

316078081v.3

15. Denies the allegations contained in paragraph 15 of the Complaint as they seek a legal conclusion, except admits Plaintiffs purport that venue is properly laid in this district and further deny knowledge or information sufficient to form a belief as to second sentence of paragraph 15.

### III. AS TO "FACTUAL ALLEGATIONS"

#### a. As To "Background Facts"

16. Denies the allegations contained in paragraph 16 of the Complaint.

17. Denies the allegations contained in paragraph 17 of the Complaint.

18. Denies the allegations contained in paragraph 18 of the Complaint.

19. Denies the allegations contained in paragraph 19 of the Complaint.

20. Denies the allegations contained in paragraph 20 of the Complaint, except denies knowledge or information sufficient to form a belief as to the stated motive of the International Brotherhood of Teamsters.

21. Denies the allegations contained in paragraph 21 of the Complaint as they seek a legal conclusion.

#### a. As To "Facts Relating to Events of December 19, 2024"

22. Denies each and every allegation contained in paragraph 22 of the Complaint, except admits that Amazon's DBK4 facility is located at 55-15 Grand Avenue, Queens, NY 11378, and that picketing at DBK4 by Plaintiffs and others began on December 19, 2024.

23. Denies each and every allegation contained in paragraph 23 of the Complaint.

24. Denies each and every allegation contained in paragraph 24 of the Complaint.

25. Denies each and every allegation contained in paragraph 25 of the Complaint.

26. Denies each and every allegation contained in paragraph 26 of the Complaint.

316078081v.3

27. Denies each and every allegation contained in paragraph 27 of the Complaint.

28. Denies each and every allegation contained in paragraph 28 of the Complaint.

29. Denies each and every allegation contained in paragraph 29 of the Complaint.

## AS TO "FIRST CLAIM
*42 USC § 1983; First Amendment"*

30. Incorporates by reference its response to each and every allegation contained in paragraphs 1 through 29 as if set forth fully herein.

31. Denies each and every allegation contained in paragraph 31 of the Complaint as they seek a legal conclusion.

32. Denies each and every allegation contained in paragraph 32 of the Complaint.

33. Denies each and every allegation contained in paragraph 33 of the Complaint as they seek a legal conclusion.

34. Denies each and every allegation contained in paragraph 34 of the Complaint.

35. Denies each and every allegation contained in paragraph 35 of the Complaint as they seek a legal conclusion.

36. Denies each and every allegation contained in paragraph 36 of the Complaint as they seek a legal conclusion.

37. Denies each and every allegation contained in paragraph 37 of the Complaint.

38. Denies each and every allegation contained in paragraph 38 of the Complaint.

39. Denies each and every allegation contained in paragraph 39 of the Complaint.

40. Denies each and every allegation contained in paragraph 40 of the Complaint.

## AS TO "SECOND CLAIM
*42 USC § 1983; 29 U.S.C. § 157 Right to Organize"*

41.     Incorporates by reference its response to each and every allegation contained in paragraphs 1 through 40 as if set forth fully herein.

42.     Denies each and every allegation contained in paragraph 42 of the Complaint as they seek a legal conclusion.

43.     Denies each and every allegation contained in paragraph 43 of the Complaint as they seek a legal conclusion.

44.     Denies each and every allegation contained in paragraph 44 of the Complaint as they seek a legal conclusion.

45.     Denies each and every allegation contained in paragraph 45 of the Complaint.

46.     Denies each and every allegation contained in paragraph 46 of the Complaint.

47.     Denies each and every allegation contained in paragraph 47 of the Complaint.

## AS TO "JURY DEMAND"

48.     Denies each and every allegation contained in paragraph 48 of the Complaint, except admits that Plaintiffs request a trial by jury.

## AS TO "REQUEST FOR RELIEF AND DEMAND FOR JUDGMENT"

49.     Denies that Plaintiffs are entitled to any of the relief they seek in WHEREFORE Clauses A through B of the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming any burden of proof that it otherwise does not have as a matter of law, Amazon asserts the following affirmative and other defenses.

1.     The Complaint fails to state a cause of action upon which relief may be granted.

2.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

5

316078081v.3

3. Plaintiffs' claims are barred, in whole or in part, by their failure to mitigate their damages, if any.

4. Plaintiffs' contributory negligence and/or unlawful conduct caused any damages allegedly incurred.

5. Plaintiffs' claims for injunctive relief are barred for failure to state a cognizable claim for irreparable harm.

6. Plaintiffs' claims are entirely moot and the Complaint does not fall within any recognized exception to the mootness doctrine and should be dismissed.

7. Plaintiffs have suffered no damage or injury as a result of any actions taken by the New York City Defendants.

8. Plaintiffs are precluded from securing the relief they request because, under the Norris LaGuardia Act and other relevant federal and state labor laws, this Court has no jurisdiction to issue an injunction in this matter arising from a labor dispute.

9. Plaintiffs claims are preempted, in whole or in part, by the National Labor Relations Act.

## **RESERVATION OF RIGHTS**

In addition to the defenses stated above, Amazon reserves the right to assert any additional affirmative and other defenses as they become known during the pendency of this action.

**WHEREFORE**, Intervenor-Defendant, Amazon.com Services LLC, prays that their answer be deemed good and sufficient and the Complaint be dismissed, with prejudice, along with such other and further relief as the Court deems proper.

316078081v.3

Dated: New York, New York
   _____, 2025

               SEYFARTH SHAW LLP

               By: _____
                 Glenn J. Smith
                 Victoria Vitarelli

               620 Eighth Avenue
               New York, New York  10018
               Telephone:  (212) 218-5500
               Facsimile:  (212) 218-5526
               Email: gsmith@seyfarth.com
               Email: vvitarelli@seyfarth.com

               Attorneys for Intervenor-Defendant
               Amazon.com Services LLC