**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK**

TEAMSTERS LOCAL UNION NO. 804 and
TEAMSTERS AMAZON NATIONAL
NEGOTIATING COMMITTEE,

*Plaintiffs*,

v.

THE CITY OF NEW YORK; NEW YORK CITY
POLICE COMMISSIONER JESSICA TISCH, *in her
official capacity*; NEW YORK CITY MAYOR ERIC
ADAMS*, in his official capacity;*

*Defendants.*

Case No. 24-cv-08683

---

**PLAINTIFFS' MEMORANDUM OF LAW
IN OPPOSITION TO MOTION TO INTERVENE**

---

**EISNER DICTOR & LAMADRID, P.C.**
Thomas J. Lamadrid
39 Broadway, Suite 1540
New York, NY 10006

**COHEN&GREEN P.L.L.C.**
Elena L. Cohen
J. Remy Green
Jessica Massimi
Leena Mohmoud Widdi, *pro hac vice*
1639 Centre Street, Suite 216
Ridgewood, NY 11385

**GIDEON ORION OLIVER**
277 Broadway, Suite 1501
New York, NY  10007

February 11, 2025

**TABLE OF CONTENTS**

TABLE OF CONTENTS ...........................................................................................................i

TABLE OF AUTHORITIES ....................................................................................................ii

PRELIMINARY STATEMENT................................................................................................1

FACTUAL STATEMENT .........................................................................................................2

      A.   Background on Plaintiffs and Amazon. ..................................................................2

      B.   The Strike and Picket. ...........................................................................................3

ARGUMENT..............................................................................................................................5

   I.   Amazon Has Neither Article III Standing Nor a Cognizable Legal Interest. ............................6

      A.   No party has a legally cognizable interest in affirmatively forcing the police to enforce the law  .......................................................................................................................6

      B.   Amazon fails to plead any defense, which aggravates the failure to explain what cognizable interest it has...........................................................................................................9

      C.   Without a cognizable legal interest, Amazon's role in the litigation is unclear.....................11

      D.   Amazon cannot argue standing or explain its defenses for the first time in reply...............11

   II.   Amazon's Policy Interests are Fully Addressed by Allowing an *Amicus* Brief. .........................12

CONCLUSION...........................................................................................................................13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Burella v City of Phila.*,
501 F3d 134 (3d Cir 2007) ..................................................................................................8

*Butler, Fitzgerald & Potter v. Sequa Corp.*,
250 F.3d 171 (2d Cir. 2001) ...............................................................................................5

*Castle Rock v. Gonzales*,
545 U.S. 748 (2005).........................................................................................................7, 8

*Coach, Inc. v Kmart Corps.*,
756 F Supp 2d 421 (SDNY 2010) ....................................................................................10

*Crystal Dunes Owners Assn. v City of Destin*,
476 F App'x 180 (11th Cir 2012) .......................................................................................9

*Floyd v. City of New York*,
302 F.R.D. 69 (S.D.N.Y. 2014), *aff'd in relevant part, appeal dismissed in part*, 770
F.3d 1051 (2d Cir. 2014) ....................................................................................6, 7, 12, 13

*GEOMC Co. v. Calmare Therapeutics Inc.*,
918 F.3d 92 (2d Cir. 2019) ............................................................................................9, 10

*GEOMC Co. v Calmare Therapeutics Inc.*,
918 F3d 92 (2d Cir 2019) ................................................................................................10

*Graves v Lioi*,
777 F App'x 76 (4th Cir 2019) ..........................................................................................8

*H.L. Hayden Co. v. Siemens Med. Sys., Inc.*,
797 F.2d 85 (2d Cir. 1986) .................................................................................................6

*Harder v Hunter*,
572 F App'x 904 (11th Cir 2014) .......................................................................................9

*Harrington v County of Suffolk*,
607 F3d 31 (2d Cir 2010) ...................................................................................................8

*Johnson v Hu*,
2018 US Dist LEXIS 55670 (ND Ala Apr. 2, 2018) ..........................................................9

*Lane v Barney (In re Lane)*,
726 F Supp 3d 1305 (D Wyo 2024)...................................................................................11

*Medtronic, Inc. v VA*,
2024 US Dist LEXIS 120972 (D Kan July 10, 2024) ................................................................13

*Murray v City of NY*,
*2023 US Dist LEXIS 102779* (EDNY June 13, 2023) ............................................................10

*In re N.Y.C. Policing During Summer 2020 Demonstrations*,
27 F.4th 792 (2d Cir. 2022) ....................................................................................................1

*New York v United States Dept. of Educ.*,
2020 US Dist LEXIS 122489 (SDNY July 10, 2020) ..........................................................12

*NY News, Inc. v Kheel*,
972 F2d 482 (2d Cir 1992) ......................................................................................................6

*SEC v Callahan*,
193 F Supp 3d 177 (EDNY 2016) ..........................................................................................6

*SEC v Ripple Labs, Inc.*,
2021 US Dist LEXIS 190855 (SDNY Oct. 4, 2021) ............................................................12

*Tardif v. City of New York*,
991 F.3d 394 (2d Cir. 2021) ..................................................................................................12

*Town of Chester v Laroe Estates, Inc.*,
581 US 433 (2017) ..................................................................................................................2

*Trbovich v. United Mine Workers of Am.*,
404 U.S. 528 (1972) ................................................................................................................5

*Tummino v Hamburg*,
2013 US Dist LEXIS 49664 (EDNY Apr. 4, 2013) ............................................................12

*United States v. Hooker Chemicals & Plastics Corp.*,
749 F.2d 968 (2d Cir. 1984) ....................................................................................................5

*United States v Texas*,
599 US 670 (2023) ..................................................................................................................7

*Wash. Elec. Coop., Inc. v. Mass. Mun. Wholesale Elec. Co.*,
922 F.2d 92 (2d Cir. 1990) ......................................................................................................6

**Statutes**

29 U.S.C. § 157 ..........................................................................................................................3

29 U.S.C. § 158(a)(1) ..................................................................................................................3

29 U.S.C. § 158(a)(3) ..................................................................................................................3

29 U.S.C. § 158(a)(5) .................................................................................................................3

29 U.S.C. § 158(d) ....................................................................................................................2

**Other Authorities**

@HellgateNY, X (formerly Twitter), (10:19 AM, December 19, 2024),
     https://x.com/HellGateNY/status/1869779486868435370 ..........................................4

@*tiffany_caban,* X (formerly Twitter) (12:36 PM, Dec. 19, 2024),
     https://x.com/tiffany_caban/status/1869813956891816432 ..........................................5

Fed. R. Civ. P. 24 ...............................................................................................................6, 10

G. Kristian Miccio, *The Death of the Fourteenth Amendment: Castle Rock and its Progeny*, 17
     Wm. & Mary J. of Women & L. 277, 278 (2011) ...................................................8

Katie Way, *While Amazon Workers Strike for Better Conditions, the NYPD Strikes Back,*
     HELLGATE (December 19, 2024), https://hellgatenyc.com/amazon-teamsters-
     strike-queens-arrests/ (last visited December 19, 2024) .......................................4

**PRELIMINARY STATEMENT**

Plaintiffs — Teamsters Local Union No. 804 ("Local 804") and Teamsters Amazon National Negotiating Committee ("TANNC") — started a lawful primary strike against Amazon in December.  As set out in the complaint, at that peaceful picket, the City's police department (NYPD) erected barricades around the entire perimeter of the DBK4 facility.  NYPD split up protesters.  And NYPD arrested picketers.  Members of the NYPD even began assaulting and threatening members of the picket.  Plaintiffs filed a complaint and accompanying motion seeking, essentially, an order preventing NYPD from doing three things:  (1) Using barricades to block the picket line and prevent patrolling; (2) arresting picketers for participation in the picket; and (3) arresting picketers for patrolling the picketed driveway.  ECF No. 12 at 1-2.  While the initial emergency now is over, Plaintiffs will be shortly filing an amended motion for a preliminary injunction, because they will be picketing again.

Amazon itself now seeks to intervene, implicitly — but never explaining how — saying it has a right to have NYPD interfere with the picket.  The main problem is this:  Despite the issue being raised clearly in advance and in the parties' meet and confers (*see, e.g.,* ECF No. 22 at 1-2), Amazon does not present any argument it has standing to demand the NYPD do anything.  In fact, the word "standing" doesn't even appear once in Amazon's memo.  *See generally*, Amazon MOL.  Courts have found issues waived for less — and Amazon does not cite a single case, because none exists, where a third party intervened to assert an interest in forcing a police department to enforce laws in a particular way.[1]

---

[1] *Cf., e.g., In re N.Y.C. Policing During Summer 2020 Demonstrations*, 27 F.4th 792 (2d Cir. 2022) (a police union was permitted to intervene in a 1983 injunctive action because among other things, it had a direct interest in the "rules of engagement," and arguing they should not be made more "protective of the protesters and correspondingly less focused on the safety interest of the front-line officers").

The Supreme Court has reversed the Second Circuit for not evaluating whether "an intervenor [] meet[s] the requirements of Article III — at least, if the intervenor wishes to pursue relief not requested by a plaintiff." *Town of Chester v Laroe Estates, Inc.*, 581 US 433, 435 (2017). That is because, "[f]or all relief sought, there must be a litigant with standing, whether that litigant joins the lawsuit as a plaintiff, a coplaintiff, or an intervenor of right." Amazon seeks independent relief: It seeks to intervene to prohibit NYPD from agreeing not to, and to affirmatively assert NYPD must, "us[e] barricades to control crowds," and so on. Amazon MOL at 8.

Since Supreme Court precedent unambiguously establishes that Amazon has no standing to demand affirmative NYPD enforcement choices, the motion to intervene should be denied.[2]

## FACTUAL STATEMENT

A.        Background on Plaintiffs and Amazon.[3]

In an election conducted by the NLRB in April 2022, pursuant to Section 9(a) of the NLRA, 29 U.S.C. § 159(a), a majority of employees at Amazon's JFK8 fulfillment center selected ALU-IBT Local 1 to serve as their exclusive bargaining representative. Certification of these results is currently pending. Complaint ("Comp.") ¶17; Declaration of Josh Pomeranz ("Pomeranz Dec.") ¶ 4. In performance of its statutory duty to collectively bargain on behalf of these employees, Plaintiffs and their predecessors have been attempting to negotiate a collective bargaining agreement with Amazon for several years. Comp. ¶18; Declaration of Liana Dalton ("Dalton Dec.") ¶ 5.

Despite these efforts, and contrary to its obligation under Section 8(d) of the NLRA. 29 U.S.C. § 158(d), Amazon has refused to recognize or bargain with ALU-IBT Local 1 or TANNC. Dalton Dec. ¶ 6; Pomeranz Dec. ¶ 5; Comp. ¶ 19. Worse, Amazon has engaged in a systematic

---

[2] Of course, that does not stop Amazon from submitting an *amicus* brief as explained below — which it may do, and which better fits its policy (not legal) interest in this case.

[3] The factual statement herein is largely taken from the initial TRO papers.

campaign of unlawful conduct intended to undermine and destroy ALU-IBT Local 1 and TANNC. Dalton Dec. ¶¶ 7, 11; Pomeranz Dec. ¶ 7.

This campaign includes surveillance, harassment, threats, retaliation, and intimidation. These acts constitute violations of Section 8(a)(1), 29 U.S.C. § 158(a)(1), Section 8(a)(3), 29 U.S.C. § 158(a)(3), and Section 8(a)(5) of the NLRA, 29 U.S.C. § 158(a)(5). Several unfair labor practice charges related to this conduct are currently pending before the NLRB. *Id.*

B.        The Strike and Picket.

In protest of Amazon's unlawful conduct, the International Brotherhood of Teamsters, acting in accordance with its International Constitution, began a lawful primary strike against Amazon on December 19, 2024. The strike, and accompanying picket lines, included locations across the country, several of which were in New York City. Dalton Dec. ¶ 8; Pomeranz Dec. ¶ 8.

These activities are protected by Section 7 of the NLRA, which guarantees employees "the right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection." 29 U.S.C. § 157.

As relevant here, members of Teamsters Local No. 804 instituted a primary picket line outside several of Amazon's facilities in New York City, including Amazon's DBK4 warehouse, located at 55-15 Grand Ave, Queens, NY 11378. These picket lines were on public property. Comp. ¶ 23. These pickets were lawful primary activity protected under Section 7 of the NLRA. 29 U.S.C. § 157.

At all times, the picket and picketers near Amazon's DBK4 facility were orderly and peaceable in accordance with the Teamsters' picketing instructions. Dalton Dec. ¶ 10; Pomeranz Dec ¶ 10. At no time did any picketers engage in any disorderly, disruptive, violent, threatening, or otherwise unlawful activity. *Id.* Similarly, picketers ensured that they created breaks in the picket to allow pedestrians and vehicles to enter and exit the facility. *Id.*

Nonetheless, less than two hours after the picket began, officers of the NYPD, under color of state law, erected barricades at the entrances to Amazon's DBK4 premises. Dalton Dec. ¶ 12; Pomeranz Dec. ¶ 12. The NYPD erected barricades around the entire perimeter of DBK4, blocking access to the public sidewalk. Pomeranz Dec. ¶ 14; Dalton Dec. ¶ 14. This was done for no ostensible purpose. Comp. ¶ 27.

The NYPD further forced picketers into two separate areas, behind barricades, splitting the picketers into two groups, rather than one unit able to ambulate and move through the area. *See e.g.,* @HellgateNY,    X    (formerly    Twitter),    (10:19    AM,    December    19,    2024), https://x.com/HellGateNY/status/1869779486868435370.

Because of the NYPD-erected barricades, picketers were prohibited from using the sidewalk to go across the driveway of the DBK4 facility and were therefore significantly limited in their ability to move, demonstrate, and have conversations with or organize fellow workers. Pomeranz Dec. ¶ 15, 17; Dalton Dec. ¶ 15, 17. Those acts are, of course, core parts of picketing.

Moreover, because of the actions of NYPD, to participate in the picket, members of Teamsters Local 804 and ALU-IBT Local 1 would be required to step onto the street, risking arrest. Pomeranz Dec. ¶ 15; Dalton Dec. ¶ 15. In fact, shortly after erecting the barricades, members of the NYPD's Strategic Response Group played a recorded message that warned picketers that if they were in the roadway, they would be arrested and charged with disorderly conduct. *Id;* Katie Way, *While Amazon Workers Strike for Better Conditions, the NYPD Strikes Back,* HELLGATE (December 19, 2024), https://hellgatenyc.com/amazon-teamsters-strike-queens-arrests/ (last visited December 19, 2024).

Within hours of the strike and accompanying picket, an Amazon driver who attempted to stop his vehicle to talk to picketers was pulled from his vehicle by NYPD members and arrested. Shortly after, a member of Teamsters Local 804 was arrested by members of the NYPD as he attempted to move to the other side of the picket, separated by police barricades. . Members of the NYPD were

further observed assaulting and threatening members of Teamsters Local 804 and ALU-IBT Local 1, creating an unsafe and intimidating environment.  Pomeranz Dec. ¶ ¶14-19; Dalton Dec. ¶¶ 14-19.  *See also,* *@tiffany_caban,* X (formerly Twitter) (12:36 PM, Dec. 19, 2024), https://x.com/tiffany_caban/status/1869813956891816432 ("NYPD blocked the picket line, threw punches at picketers, and made violent arrests of protesting workers.")

## ARGUMENT

The parties more or less agree on the criteria for intervention:  A proposed intervenor must "(1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action."  Amazon MOL at 6-7, *quoting In re N.Y.C. Policing During Summer 2020 Demonstrations*, 27 F.4th 792, 799 (2d Cir. 2022) (alterations adopted).  And the parties do not have any meaningful dispute on the first — or for the purposes of efficiency on this motion, the fourth[4] — elements.  And the parties agree that "[f]ailure to satisfy any one of these requirements is a sufficient ground to deny intervention" — though the strength of the showing (as long as it is made) on one element may be weaker if another element is shown more strongly.  Amazon MOL at 7, *quoting Catanzano by Catanzano v. Wing*, 103 F.3d 223, 232 (2d Cir. 1996) and *United States v. Hooker Chemicals & Plastics Corp.*, 749 F.2d 968, 983 (2d Cir. 1984).

However, the crux is whether Amazon can make any showing of a legally cognizable interest that is impaired by disposition.  As set out below, under binding law, it cannot.

---

[4] While the burden of showing inadequacy may generally be "minimal*," Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972), the Second Circuit has "demanded a more rigorous showing of inadequacy in cases where the putative intervenor and a named party have the same ultimate objective," *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 179–80 (2d Cir. 2001).  Nonetheless, for efficiency, Plaintiffs focus on standing.

### I.    Amazon Has Neither Article III Standing Nor a Cognizable Legal Interest.

"The burden to demonstrate a right to intervene, including a cognizable interest, is at all times on the applicant." *Floyd v. City of New York*, 302 F.R.D. 69, 100 (S.D.N.Y. 2014), *aff'd in relevant part, appeal dismissed in part*, 770 F.3d 1051 (2d Cir. 2014) (*citing In re NASDAQ Market-Makers Antitrust Litig.*, 187 F.R.D. 465, 490 (S.D.N.Y. 1998)). That is, the interest asserted must be one the party actually has some right to enforce. *See, for example, NY News, Inc. v Kheel*, 972 F2d 482, 486 (2d Cir 1992) (a party mentioned and disparaged — allegedly frivolously — in proceedings may not intervene to file a Rule 11 motion, because their "remote interest in a streamlined, abuse-free judicial system is not a 'significantly protectable interest'"). *Accord also, e.g., SEC v Callahan*, 193 F Supp 3d 177, 207 (EDNY 2016) ("an investor has no 'legally protectable' right to the SEC's bringing (or continuing, or settling) an enforcement action").

The Second Circuit has "made it clear that, for an interest to be 'cognizable' under Rule 24, it must be 'direct, substantial, and *legally protectable.*'" *Floyd*, 770 F.3d at 1060 (*quoting Bridgeport Guardians, Inc. v. Delmonte*, 602 F.3d 469, 473 (2d Cir. 2010)) (emphasis added).[5] Yet, nowhere in Amazons memorandum, or in its proposed answer, does it ever answer how it has a "legally protectable" interest in the NYPD taking specific enforcement actions against Plaintiffs — *even* if Plaintiffs are violating the law — let alone an interest in having the NYPD violate Plaintiffs' First Amendment rights.

> A.    No party has a legally cognizable interest in affirmatively forcing the police to enforce the law.

Amazon's motion focuses exclusively on what it describes its "legal right to operate its business and a protectable interest in doing so without disruption, unlawful blockade, or trespass."

---

[5] Additionally, "[a]n interest that is remote from the subject matter of the proceeding, or that is contingent upon the occurrence of a sequence of events before it becomes colorable, will not satisfy the rule." *Wash. Elec. Coop., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 922 F.2d 92, 97 (2d Cir. 1990) (*citing H.L. Hayden Co. v. Siemens Med. Sys., Inc.*, 797 F.2d 85, 88 (2d Cir. 1986)). Nor will "interests of a general or indefinite character." *H.L. Hayden Co.*, 797 F.2d at 88.

Amazon MOL at 8. Even assuming that is a correct description, Amazon never attempts to cash

that right out into something "legally protectable." *Floyd*, 770 F.3d at 1060. That is likely because

Amazon cannot.

Amazon — like any other person or entity — has no right to compel police to behave in a

particular way. *See generally, Castle Rock v. Gonzales*, 545 U.S. 748 (2005). "Given the 'deep-rooted

nature of law-enforcement discretion,'" even where there is "a purported statutory arrest mandate,

without more, [it] does not entitle any particular plaintiff to enforce that mandate in federal court."

*United States v Texas*, 599 US 670, 682 (2023).

As a piece of important context, the facts of *Castle Rock* are chilling — far more so than

anything at issue here. Ms. Gonzalez had a restraining order against her estranged husband. It even

read "YOU SHALL USE EVERY REASONABLE MEANS TO ENFORCE THIS

RESTRAINING ORDER. YOU SHALL ARREST, OR, IF AN ARREST WOULD BE

IMPRACTICAL UNDER THE CIRCUMSTANCES, SEEK A WARRANT FOR THE ARREST

OF THE RESTRAINED PERSON," in all caps. 545 U.S. at 752. The husband kidnapped Ms.

Gonzalez's children. She called and begged the police to help. They "refused to do so" — despite

both the command on the restraining order (which Ms. Gonzalez showed them) and a mandatory

arrest law that applied. *Id.* at 753. Ultimately, the husband murdered all three children while the

police were sitting idle.

As with Amazon's claim, clearly Ms. Gonzalez had a "legal right to operate [her life] and a

protectable interest in doing so without" her children being murdered. Amazon MOL at 8. Beyond

what Amazon had, Ms. Gonzalez even had a restraining order that unambiguously required arrests.

But Ms. Gonzalez still had no right to compel the police to take any action in particular, because

"benefit that a third party may receive from having someone else arrested for a crime generally does not trigger protections" under the Constitution.  545 US at 768.[6]

Other cases applying *Castle Rock* are even starker.[7]  For example, in *Burella v City of Phila.*, 501 F3d 134, 136 (3d Cir 2007), the Third Circuit discussed how Ms. Burella was repeatedly abused, had multiple restraining orders, and made "numerous reports" of violence to the police about her husband (a member of the force).  It concluded, "[d]espite our grave concerns about the Philadelphia Police Department's alleged conduct in this case, we hold that the officers did not have" an "obligation" to make any particular arrest or take any particular action, even though such actions would have prevented him from shooting and seriously injuring Ms. Burella.  *Id.  See also, e.g., Graves v Lioi*, 777 F App'x 76 (4th Cir 2019)[8] (same where a failure to arrest resulted in "the death of a mother and her unborn child"); *Harrington v County of Suffolk*, 607 F3d 31, 35 (2d Cir 2010) (in connection with a fatal accident, noting the law "does not give plaintiffs or any other victim of crime 'a legitimate claim of entitlement' to a police investigation, much less an investigation conforming with certain minimal standards").  Other cases with grave facts are similar.

Likewise, less grave cases about rights like the one Amazon asserts — a right to have the police enforce trespass law — come out uniformly against such a right.  For example (and almost

---

[6] Because Amazon's answer is boilerplate, and does not sufficiently plead any affirmative defense (*see below*), it is hard to see where the right Amazon asserts arises.  Nor is this the first time Plaintiffs have tried to raise this issue.  *See* ECF No. 22 at 2 ("Amazon's failure to cite any cases or make any attempt to 'set[] forth' any detail about the 'basis for the anticipated motion' (Individual Rules of the Hon. Frederic Block, ¶ 2(A)) makes discerning what right, exactly, it is asserting hard to guess at. But since historically, arguments that there is some right to have police make certain arrests have been grounded in the Due Process Clause, this letter assumes Amazon would start (and perhaps end) there.").  And since the rights that Plaintiffs assert here are Constitutional and Federal, a state property right would likely have to yield anyway given the Supremacy Clause.

[7] To be clear, none of this is to say that *Castle Rock* is good policy.  It has been roundly criticized.  *See, for example,* G. Kristian Miccio, *The Death of the Fourteenth Amendment: Castle Rock and its Progeny*, 17 Wm. & Mary J. of Women & L. 277, 278 (2011) (beginning with an anecdote, saying, "in Ireland, when I explain what happened in Castle Rock, the response is unreserved disbelief at the 'Alice through the Looking Glass' logic applied by the majority…").  But it remains binding.

[8] Notably, as the dissent in *Graves* points out, *Castle Rock* has been extended even to cases where "officers committed affirmative acts—not mere failures or omissions—to help Williams delay arrest on domestic assault charges." *Id.* at 79 (Gregory, J., dissenting).

directly on point), in *Crystal Dunes Owners Assn. v City of Destin*, 476 F App'x 180, 184 (11th Cir 2012), the Eleventh Circuit dismissed a claim by a home owners association against the local police for refusing to arrest members of the public (undisputedly) illegally trespassing on the association's private beach.  Citing *Castle Rock*, the Eleventh Circuit explained, "Florida law in no way requires that police execute an arrest in the event of trespass, or otherwise aid the property owner" and "the manner in which the City and Sheriff's Office choose to enforce [trespass law] remains subject to their discretion." *Id.  Accord, e.g., Johnson v Hu*, 2018 US Dist LEXIS 55670, at *12 (ND Ala Apr. 2, 2018); *Harder v Hunter*, 572 F App'x 904, 907 (11th Cir 2014).

Put bluntly:  If an obvious risk of murder, accompanied by a judicial order saying arrest was mandatory, was not enough to create a legally cognizable interest in having police arrest someone, hypothetical property interests clearly do not suffice.  Amazon does not argue, because it cannot, that NYPD would be outside its absolute discretion to refuse to enforce trespass law against Plaintiffs.  And Amazon does not argue, because it cannot, that if NYPD made that decision, Amazon would have some legal right against the City.  Those two facts are dispositive of this motion.[9]

> B.    Amazon fails to plead any defense, which aggravates the failure to explain what cognizable interest it has.

Amazon also fails to clarify things with its answer — instead, it fails to plead any defense at all.  As the Second Circuit explained, when it comes to pleading, "the plausibility standard of *Twombly* applies to determining the sufficiency of all pleadings, including the pleading of an affirmative defense, but with recognition that, as the Supreme Court explained in *Iqbal*, applying the plausibility standard to any pleading is a 'context-specific' task." *GEOMC Co. v. Calmare Therapeutics*

---

[9]  Relatedly, Plaintiffs have not — for essentially these reasons — directly brought a claim about what they view as the NYPD's failure to enforce the law against Amazon when it released a large quantity of water onto Plaintiffs, though Plaintiffs asked Defendants to look into the issue as part of working cooperatively.  *See generally*, ECF No. 20-1. But if Amazon may intervene to assert such claims, Plaintiffs may seek to assert similar claims.

*Inc.*, 918 F.3d 92, 96 (2d Cir. 2019). "There is no dispute that an affirmative defense is improper and should be stricken if it is a legally insufficient basis for precluding a plaintiff from prevailing on its claims." *Id.* In general, therefore, post-*GEOMC*, an affirmative defense must set out plausible facts supporting the defense — contextualized by the nature of the defense — to survive a motion to strike. *Id.* Thus, the *GEOMC* Court approved of striking a defense of failure to join a party where that "defense lacked any indication of which party needed to be joined or why. *Id.* at 99.

As set out above, a party seeking intervention must show some interest in the action, and part of how a party should show that is set by Rule 24's mandatory requirement that a motion to intervene "must … be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c).[10] While Amazon has filed a proposed pleading, it does nothing to clarify: It merely denies allegations and then asserts the definition of various defenses without any attempt to "support these defenses with some factual allegations to make them plausible

*GEOMC Co. v Calmare Therapeutics Inc.*, 918 F3d 92, 99 (2d Cir 2019). Smith Ex. B at 5-6 (pleading, for example, "Plaintiffs' claims are barred, in whole or in part, by their failure to mitigate their damages, if any," without further explanation); *compare, e.g., Coach, Inc. v Kmart Corps.*, 756 F Supp 2d 421, 430-431 (SDNY 2010) ("Based on even the most generous reading of the pleadings, there is no indication that Plaintiffs failed to take reasonable efforts to mitigate any of their alleged damages").

Likewise, it asserts some boilerplate defenses it has no standing to assert — like a claim that "Plaintiffs have suffered no damage or injury as a result of any actions taken by the New York City Defendants." Smith Ex. B at 6.

---

[10] Courts in this Circuit have relaxed the mandatory language of Rule 24, as long as the Court is apprised of the basis for intervention. *See, e.g., Murray v City of NY, 2023 US Dist LEXIS 102779, at *4, n 3* (EDNY June 13, 2023) (collecting authority). This case is the natural mirror of those cases: While Amazon filed a pleading, the pleading does little to explain how Amazon has a legally protectable interest.

In short, Amazon's boilerplate answer does not fill in the gap in its motion.

        C.        Without a cognizable legal interest, Amazon's role in the litigation is unclear.

The lack of a cognizable legal claim — and the failure to assert one through the answer — become relevant when the Court looks forward to what comes next. If the Court grants the motion, once Amazon files, Plaintiffs will likely move to strike all of Amazon's affirmative defenses, since none are well-pled — and many are things Amazon lacks any standing to assert anyway or categorically do not apply because Plaintiffs do not seek damages. *See,* ECF No. 1 at 9. For example, Amazon's (boilerplate) failure to mitigate defense is irrelevant, because — even putting aside the failure to allege any facts — "[f]or failure to mitigate to be a viable defense, the complaint must allege some form of damages that the plaintiff failed to reduce." *See, e.g., Lane v Barney (In re Lane)*, 726 F Supp 3d 1305, 1320 (D Wyo 2024). And here, there are no damages claims. Similarly, as noted above, the mootness, irreparable harm, and similar defenses are held by Defendants, not Amazon.

In sum, each of Amazon's purported affirmative defenses is not pled with any facts (as *Twombly* and *Iqbal* require), and none of the defenses are explained in the moving papers. So, what happens to Amazon's party status once its boilerplate defenses are stricken? Typically, a party without live claims or defenses leaves the litigation. But because Amazon seeks to intervene without actually presenting a live claim in the first place, it essentially seeks to have the Court make it a kind of federal monitor — or at least, a kind of consultant — over this case. That role is the role of an *amicus*, not an intervenor.

        D.        Amazon cannot argue standing or explain its defenses for the first time in reply.

The closest Amazon comes to an attempt to treat standing issues is an *ipse dixit*: "Plaintiffs' contention that the Company cannot have a 'legal interest in police enforcement' is an inapt characterization," because as the "property holder of DBK4; it has the legal right to operate its

business and a protectable interest in doing so without disruption, unlawful blockade, or trespass." Amazon MOL at 8. But that misses the mark: Again, regardless of whether Amazon has a property interest in ejecting Plaintiffs, they have articulated no interested in being able to demand the NYPD enforce that interest. Indeed, if Amazon seeks to litigate Plaintiffs' presence on the picket line, it may sue in state court, and nothing in this case would prevent that — or prevent a state court from enforcing an order obtained that way.

However, what Amazon does not do is provide any authority that it has some legally protectable interest in compelling the NYPD to enforce the law as Amazon sees it. Likewise, it does not explain any of its defenses beyond its (incorrect) claim that a property right means it must be able to demand NYPD protect it. It is well-settled that a moving party may not make an argument for the first time on reply — doing so deprives the opposing party of a chance to answer. *Tardif v. City of New York*, 991 F.3d 394, at 404 n.7 (2d Cir. 2021). So, since Amazon offers no view of how it has a "legally protectable" interest in demanding the NYPD act a certain way (*Floyd*, 770 F.3d at 1060), rather than a mere policy preference interest in having the NYPD interfere with the strike, the Court should deny the motion.

## II.    Amazon's Policy Interests are Fully Addressed by Allowing an *Amicus* Brief.

Finally, as alluded to above, everything Amazon seeks to do through intervention, it could do through an *amicus* brief. Courts routinely deny motions to intervene but allow an amicus brief because the standard for amicus status is "when the amicus has an interest in some other case that may be affected by the decision in the present case (though not enough affected to entitle the amicus to intervene and become a party in the present case)." *SEC v Ripple Labs, Inc.*, 2021 US Dist LEXIS 190855, at *14 (SDNY Oct. 4, 2021). *See, e.g., Tummino v Hamburg*, 2013 US Dist LEXIS 49664, at *8 (EDNY Apr. 4, 2013) ("Teva's motion to intervene is denied. Nevertheless, I grant its application for amicus curiae status and I have treated its memorandum as such."); *New York v*

*United States Dept. of Educ.*, 2020 US Dist LEXIS 122489, at *15 (SDNY July 10, 2020) ("FIRE's motion to intervene is denied. To the extent FIRE seeks to file an amicus brief, FIRE may do so by July 17, 2020."); *Medtronic, Inc. v VA,* 2024 US Dist LEXIS 120972, at *10, n 27 (D Kan July 10, 2024) (collecting cases denying intervention but granting *amicus* status). Amazon essentially is seeking to expand this litigation into a dispute between itself and Plaintiffs, on labor law grounds. That is not what this case is about.

Amazon does not lack an interest in the most abstract sense, which it can express in an *amicus* brief. But it does lack what is required for intervention: A "*legally protectable*" interest. *Floyd*, 770 F.3d at 1060 (emphasis added). So, Amazon can express its policy preference like any other party that in that position. But it is not entitled to become a party, file its own motions, seek discovery, have its own claims and defenses the other parties must deal with, and so on.

## CONCLUSION

For the reasons above, Plaintiffs ask the Court to deny Amazon's motion to intervene.

Respectfully submitted,

**EISNER DICTOR & LAMADRID, P.C.**

By: _____
Thomas J. Lamadrid
39 Broadway, Suite 1540
New York, NY 10006
T: 212-473-8700
F: 212-473-8705
thomas@eisnerdictor.com

**COHEN&GREEN P.L.L.C.**

By:_____
Elena L. Cohen
J. Remy Green
Leena Widdi, *pro hac vice*

1639 Centre Street, Suite 216
Ridgewood, NY 11385
(929) 888-9480
elena@femmelaw.com
remy@femmelaw.com
leena@femmelaw.com


**GIDEON ORION OLIVER**

277 Broadway, Suite 1501
New York, NY  10007
t: 718-783-3682 x 5
f: 646-349-2914
Gideon@GideonLaw.com

*Attorneys for Plaintiffs*

14