UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

TEAMSTERS LOCAL UNION NO. 804 and TEAMSTERS AMAZON NATIONAL NEGOTIATING COMMITTEE,

    Plaintiffs,

-against-

THE CITY OF NEW YORK; NEW YORK CITY POLICE COMMISSIONER JESSICA TISCH, *in her official capacity*; NEW YORK CITY MAYOR ERIC ADAMS, *in his official capacity*,

    Defendants.

---

Civil Action No. 24-CV-08683 (FB) (TAM)

**ORAL ARGUMENT REQUESTED**

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF AMAZON.COM SERVICES LLC'S MOTION TO INTERVENE

On the Brief:
    Glenn J. Smith
    Victoria M. Vitarelli

Date Served and Filed: February 14, 2025

SEYFARTH SHAW LLP
620 Eighth Avenue
New York, New York 10018-1405
(212) 218-5500
*Attorneys for Proposed Intervenor-Defendant*

316235655v.4

Amazon.com Services LLC ("Amazon" or the "Company"), by and through its attorneys, respectfully submits this Reply Memorandum of Law in further support of its Motion to Intervene (the "Motion") as a party-defendant in this preliminary injunction and declaratory judgment action. The Company's application is sound and satisfies Rules 24(a) and (b) of the Federal Rules of Civil Procedure("FRCP"). Plaintiffs' opposition proffers nothing to invalidate or even weaken this showing.

## PRELIMINARY STATEMENT

Plaintiffs concede that Amazon satisfies the 1st and 4th factors required for intervention as a matter of right and fail to address altogether Amazon's application for permissive intervention under Rule 24(b). (Opp. at 5.)[1] The entirety of Plaintiffs' opposition[2] centers on the claims that Amazon has no Article III standing to intervene and has no "cognizable legal interest" that could be impaired in this action.

Plaintiffs are flatly wrong on both counts.

Amazon's standing cannot be contested. The Supreme Court's holding in *Town of Chester* only stands for the proposition that a non-party seeking to intervene as *a plaintiff* must meet the requirements of Article III if that non-party seeks relief not requested by any existing plaintiff. Where, as here, the non-party seeks to intervene as *a defendant* and does not seek relief different from that of an existing defendant, no separate Article III requirement attaches.

Equally strong is Amazon's "cognizable legal interest" in protecting its business, property, employees, third party business partners, and vendors from any disposition of this

---

[1] Numbers in parentheses prefixed by "Opp. at __" refer to pages in Plaintiffs' Memorandum of Law in Opposition to Motion to Intervene, dated February 11, 2025.

[2] Amazon will not address the various misstatements of fact in Plaintiffs' Preliminary Statement. (Opp. at 1.)

316235655v.4

action that awards Plaintiffs an injunction against the New York City Defendants, which Plaintiffs will use to run amok in a free-for-all at DBK4 and/or other Amazon facilities. Plaintiffs' repeated attempts to recast Amazon's interest as one to compel law enforcement are simply confounding. This is not *Castle Rock* and the only party seeking to compel and constrain the NYPD here is the Plaintiffs.

For all of the reasons set forth herein and in its principle brief and supporting declarations, Amazon respectfully requests that the Motion be granted, in its entirety, along with such other and further relief as this Court deems just and proper.

## ARGUMENT

**I.    ARTICLE III STANDING IS NOT REQUIRED FOR AMAZON'S INTERVENTION IN THIS ACTION**

The Supreme Court's holding in *Town of Chester* contained the limited instruction that an intervenor-plaintiff as of right must demonstrate Article III standing only when it seeks additional relief beyond that requested by the plaintiff. *Town of Chester, N.Y. v. Laroe Ests., Inc.*, 581 U.S. 433, 439, 137 S. Ct. 1645 (2017).

Since *Town of Chester* issued, district courts in the Second Circuit have routinely held that where an intervenor intends merely to oppose the relief that a plaintiff requests, there is no "additional relief" being pursued, and as a result, the proposed intervenor need not demonstrate independent Article III standing. *See Gerschel v. Bank of Am., N.A.*, No. 20 CIV. 5217 (NRB), 2021 WL 1614344, at *3 n. 8 (S.D.N.Y. Apr. 26, 2021); *Does 1 Through 7 v. The Taliban*, No. 6:22-CV-990, 2023 WL 4532763, at *5 (N.D.N.Y. July 12, 2023) ("But where a proposed intervenor merely intend[s] to oppose the relief that [plaintiff] requests ... [t]here is no additional relief for the Court to consider and so the proposed intervenor need not independently establish Article III standing." (citations omitted; internal quotation marks omitted)).

Amazon need not establish Article III standing for the simple reason that the only relief it seeks in this action is opposition to the relief that Plaintiffs seek. Plaintiffs' assertion that Amazon seeks "independent relief" in the form of "prohibit[ing] [the] NYPD from agreeing not to, and to affirmatively assert NYPD must, 'use barricades to control crowds,' and so on" is a bootstrapping convolution. (*See* Opp. at 2.) Nowhere in the four corners of Amazon's principle brief or proposed pleading is there any request for additional relief beyond dismissal of the action.

Even assuming, *arguendo*, that Article III standing was a threshold requirement, Amazon would satisfy it. Much like the 2nd and 3rd factors in determining Rule 24(a) motions, to establish standing, a plaintiff must show: "(i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *Stafford v. Int'l Bus. Machs. Corp.,* 78 F.4d 62, 67 (2d Cir. 2023) (*quoting TransUnion LLC v. Ramirez*, 594 U.S. 413, 423, 141 S. Ct. 2190, 210 L. Ed. 2d 568 (2021)). "An injury in fact must be 'particularized,' and it must be 'concrete.'" *Harty v. W. Point Realty, Inc.*, 28 F.4d 435, 442 (2d Cir. 2022) (quotations omitted).

As set forth in the supporting Declaration of Kelly Dawson, Senior Station Manager at DBK4, Plaintiffs' picketers and protestors (numbering as many as 75 to 100 individuals) routinely and unlawfully blocked ingress to and egress from every access point at DBK4 over the course of 5 days. (Dawson Decl. ¶¶ 13-14.)[3] This happened even with the NYPD present and actively conducting crowd control and ensuring the safety of all involved. If Plaintiffs, through this action, succeed in subverting the NYPD's efforts to maintain safety and order at DBK4 (and

---

[3] Numbers in parentheses prefixed by "Dawson Decl. ¶ __" refer to paragraphs contained in the Declaration of Kelly Dawson, sworn to on February 6, 2025, and submitted in support of the Motion.

3

Amazon's other sites), the harm to Amazon would be concrete and tangible: business operations would be disrupted, property may be damaged, and the physical safety of its employees, vendors and third party business partners (and their employees) would be jeopardized.

## II. *CASTLE ROCK* HAS NO APPLICATION TO AMAZON'S MOTION TO INTERVENE

Plaintiffs' insistence on directing this Court's attention to the facts and holding in *Castle Rock v. Gonzales*, 545 U.S. 748 (2005), and its progeny, is incoherent. Each and every case cited by Plaintiffs are failure-to-act cases, involving individuals killed, injured or otherwise harmed, who subsequently attempted to sue various law enforcement entities for failing to respond/take action. Amazon is not a plaintiff or cross-claim defendant, claims no entitlement to enhanced police protection, and makes no claims against the New York City Defendants. To the contrary, in this action, Amazon is aligned with the New York City Defendants and seeks the same relief: denial of any injunctive relief to Plaintiffs and dismissal of this action.

Plaintiffs are the only party seeking to compel law enforcement in any way. Plaintiffs appear to be operating on the faulty premise that if they are seeking to curtail police involvement at their protests and pickets of Amazon, Amazon must be adopting the equal and opposite reaction of seeking increased police involvement. (Opp. at 6-9.) Newton's Third Law of Motion does not apply to legal proceedings and Amazon makes no affirmative claim for enhanced police protection. Nor, for that matter, does Amazon presume to direct or control the NYPD.

As detailed in its moving papers, Amazon seeks to intervene in order to: i) prevent Plaintiffs from securing an injunction against the New York City Defendants, and ii) preserve the status quo *ante*. (MOL at 3-9.)[4] The Company's interests in so doing are neither hypothetical

---

[4] Numbers in parentheses prefixed by "MOL at __" refer to pages contained in the Memorandum of Law in Support of Amazon.com Services LLC's Motion to Intervene, dated February 6, 2025.

4

nor attenuated: Amazon and its delivery service partners are the actual targets of Plaintiffs' organizing activities and its DBK4 facility is one of the sites Plaintiffs seek to damage and disrupt in order to force Amazon to recognize and bargain with them, and to unlawfully compel Amazon to take other actions prohibited under the National Labor Relations Act. Plaintiffs' repeated assertions that Amazon has no cognizable interest in their action against the New York City Defendants are particularly galling as the ALU (Amazon Labor Union), another purported affiliate of the International Brotherhood of Teamsters, has filed another action, now pending in the Eastern District, alleging similar deprivations of speech and picketing rights at another Amazon facility (JFK8) and **naming both Amazon and the NYPD as defendants.** *See Spence et al v. New York City Police Department, City of New York et al.*, Civil Action No. 1:25-cv-00020-CBA-LB.[5] The filing of these two separate actions by purported affiliates of the Teamsters not only evidences the lack of candor in the Plaintiffs' opposition here, it also serves to underscore the actual purpose of the litigation – to preemptively gain from a District Court the unfettered right to protest and picket without being subject to the sensible and necessary intervention of the NYPD. In other words, Plaintiffs seek that this Court give them license (by tying NYPD's hands) to shut down Amazon's business whenever the Teamsters decides to have a future protest.

## CONCLUSION

For all of the reasons set forth in its moving papers and herein, Amazon respectfully requests the Court's leave to intervene as a defendant in this matter, as of right, or, in the alternative, with the Court's permission.

---

[5] This Amended Complaint (attached as Exhibit A to Smith Supp. Declaration) in the other action was filed on the same day as the Complaint in this matter. However, it was originally misfiled in the Southern District as *Spence et al. v. NYPD et al*, Civil Action No. 24-9823 (S.D.N.Y. Dec. 19, 2024) and was later transferred to the Eastern District.

Dated: New York, New York
February 14, 2025

Respectfully submitted,

SEYFARTH SHAW LLP

By: */s/ Glenn J. Smith*
Glenn J. Smith
Victoria M. Vitarelli
620 Eighth Avenue
New York, New York  10018
Telephone:  (212) 218-5500
Facsimile:  (212) 218-5526
Email: gsmith@seyfarth.com
Email: vvitarelli@seyfarth.com

Attorneys for Intervenor-Defendant
Amazon.com Services LLC

6

316235655v.4