# COHEN & GREEN

February 20, 2025

Hon. Frederic Block, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

<u>By Electronic Filing.</u>

      Re:    <u>Teamsters Local Union 804, et al. v. City of New York, et. al.,
24-CV-08683 (FB)(TAM)</u>

Dear Judge Block:

      My firm, with co-counsel, represents Plaintiffs in the case above. As set out below, I write to request leave to file a brief sur-reply on Amazon's intervention motion. Following the break below is the proposed substance, while above it is the explanation for why Plaintiffs believe a sur-reply is appropriate.

## I. The Court Should Permit a Sur-Reply to Address Amazon's Shifted Argument.

      "Motions for leave to file sur-reply information are subject to the sound discretion of the court." *Anghel v. New York State Dep't of Health*, 947 F. Supp. 2d 284, 293 (E.D.N.Y. 2013), *aff'd* 589 F. App'x 28 (2d Cir. 2015) (citation omitted). The basic point of one is not to rehash arguments, but to address new arguments made in a reply. *Id., see also, Ramon v Corporate City of NY*, 2019 US Dist LEXIS 47406, at *4 (EDNY Mar. 21, 2019).

      Here, at least as Plaintiffs read it, Amazon's initial papers argued a strong version of their interest in the case: Amazon asserted a right to "operate its business" wholly "without disruption, unlawful blockade, or trespass." ECF No. 30-1 at 8.[1] This seemed confirmed by the way Amazon described the difference between their interest and Defendants': "New York City Defendants have a similarly broad interest in public safety and a mandate to ensure that Plaintiffs' constitutional and statutory rights to protest are safeguarded. Amazon has no such interest or mandate." *Id.* at 9. That is, Amazon was saying its interest was not in balancing constitutional rights and private rights; it wanted to argue an absolute right to have NYPD enforce trespass and other laws.

      Relying on that framing, Plaintiffs did not attack element (4) of intervention: Whether the existing parties could adequately protect the asserted interest. *See* ECF No. 30-6 at 5 n. 2. That was because, as Plaintiffs' read it, Amazon's asserted interest was in having the police ***have to*** enforce trespass and other laws so Amazon could be entirely "without disruption, unlawful blockade, or trespass" (ECF No. 30-1 at 8) — Amazon was not merely raising its hand and saying, "we agree the

---

[1] Citations in this letter are to internal, not ECF, pagination.



NYPD can do whatever they choose to." Amazon seemed to confirm this in how it argued adequacy, focusing on a case where — in Amazon's own description — "the [existing defendant] had not shown any interest in raising defenses propounded by the group." ECF No. 30-1 at 9, *citing Herdman v. Town of Angelica*, 163 F.R.D. 180, 190 (W.D.N.Y. 1990).[2] Then it cited another where non-incumbent parties who would be entitled to funds under New York's campaign finance system[3] wanted to assert different arguments to defend its constitutionality so that they would have "alleviate[d] the overwhelming financial advantage that incumbents typically wield over challengers." *Assn. of Connecticut Lobbyists LLC v Garfield*, 241 FRD 100, 102 (D Conn 2007). All of this smacked of a unique, direct interest in having the police enforce the law not in a wholly discretionary way, but in a specific way.

Thus, Plaintiffs "focus[ed] on standing" (ECF No. 30-6 at 5 n. 2) and whether Amazon's interest was "legally protectable." *See, e.g., SEC v Callahan*, 193 F Supp 3d 177, 207 (EDNY 2016) ("an investor has no 'legally protectable' right to the SEC's bringing (or continuing, or settling) an enforcement action").

However, on Reply, Amazon now says "the only party seeking to compel and constrain the NYPD here is the Plaintiffs," and wholly disclaims any interest in "entitlement to enhanced police protection" or having the NYPD do anything in particular. ECF No. 30-7 at 1 and 4. Its argument is that "Newton's Third Law of Motion does not apply to legal proceedings" and clarifies "Amazon [is not] adopting the equal and opposite reaction of seeking increased police involvement." *Id.* That is, Amazon seems to now only argue that it wants to argue the City can do whatever it wants — including decide not to enforce the law against Plaintiffs.

Since this argument is new on reply, Plaintiffs ask for the opportunity to address it briefly, and include the substance of their proposed sur-reply on the issue below. In the alternative, Plaintiffs ask that the Court disregard this new approach, and analyze the issue with Amazon's interest as initially framed.[4]

As always, we thank the Court for its continued time and attention.

*        *        *

---

[2] *Herdman* also involved a claim the town there "lacked financial resources to mount a comprehensive defense." *Id.* There is no such claim here.

[3] Intervention in election law and voting rights cases is extremely heavily litigated, and — for obvious reasons — involves issues not really raised here.

[4] This would be proper, among other reasons, because on its own, Amazon must "rebut the presumption of adequate representation by the party already in the action," regardless of what arguments Plaintiffs made. *Butler, Fitzgerald & Potter v Sequa Corp.*, 250 F3d 171, 180 (2d Cir 2001). Again, if Amazon was seeking to force the City to engage in particular enforcement action, adequacy would not be at issue. But because Amazon has now clarified it is not taking that position, the calculus is different.

COHEN&GREEN                                                                 Page 2 of 5

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t: (929) 888.9480 · f: (929) 888.9457 · FemmeLaw.com



As set out above, Plaintiffs ask the Court to accept the below as a sur-reply on the pending intervention motion.[5]  Argument numbering resets below, since this is the proposed sur-reply itself.

### I. Given Amazon's Concession that its Sole Interest is to Preserve NYPD's Right to Use its Absolute Discretion, it Cannot Show Representation is Inadequate.[6]

While the burden of showing inadequacy may generally be "minimal," *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972), the Second Circuit has "demanded a more rigorous showing of inadequacy in cases where the putative intervenor and a named party have the same ultimate objective," *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 179–80 (2d Cir. 2001).

Amazon's opposition admits — in unambiguous terms — it has the exact same objective as the City:  "Amazon is aligned with the New York City Defendants and seeks the same relief: denial of any injunctive relief to Plaintiffs and dismissal of this action."  ECF No. 30-7 at 4.  Given that, Amazon must meet a meaningfully heightened burden in showing inadequacy.  Yet, Amazon's papers devote little time and less explanation to the topic.  *See* ECF No. 30-1 at 9.  For example, it cites a case where — unlike Amazon has now clarified here — the existing defendant "had not shown any interest in raising defenses propounded by the" proposed intervenor.  ECF No. 30-1 at 9.  By contrast, Amazon's proposed defenses are identical to those the City will raise — and does raise in every injunctive action about police enforcement.  *See generally,* ECF No. 30-4; *accord, e.g.,* Answer, *In re: New York City Policing During Summer 2020 Demonstrations*, 20-cv-8924, ECF No. 202; Motion to Dismiss, *id.*, ECF Nos. 105-107.

---

[5] In its Reply, Amazon accuses Plaintiffs of engaging in something "particularly galling" because a different legal entity, through different counsel, filed a different suit, in a different court (although it was ultimately transferred), seeking completely different relief — including seeking damages for state law torts against Amazon exclusively.  How the actions of another legal entity — in another suit, where it actually brought certain direct claims exclusively against Amazon — bears on this case is not explained.

[6] Amazon says Plaintiffs "fail to address altogether Amazon's application for permissive intervention under Rule 24(b)." ECF No. 30-7 at 1.  That's not quite right.  Plaintiffs discussed intervention generally, because permissive intervention requires a "claim or defense that shares with the main action a common question of law or fact" (Fed. R. Civ. P. 24(b)(1)(B)), which is substantially the same as what as-of-right intervention requires.  The problem Plaintiffs identified was that Amazon lacks any claim or defense it has any enforceable interest in — a problem for permissive and as-of-right intervention alike.  *Accord, e.g., United States Postal Serv. v Brennan*, 579 F2d 188, 191-192 (2d Cir 1978) (factors on permissive intervention "include the nature and extent of the intervenors' interests").

As for the present issues, while adequacy is textually part of the Rule 24(a)(1)(2)'s as-of-right analysis, the Second Circuit long ago imported it as a factor to be considered in Rule 24(b) permissive intervention.  *Id.* (a factor to be considered in permissive intervention is "whether their interests are 'adequately represented by the other parties'").  That remains the law today.  *Extenet Sys., LLC v Vil. of Kings Point*, 2023 U.S. App. LEXIS 15017, at *4 (2d Cir June 16, 2023).  So, this sur-reply too addresses both permissive and as-of-right intervention, since there is no real distinction on the substantive factors (beyond the level of discretion the Court has in weighing those factors, at least), given the specific issues raised on this motion.

COHEN&GREEN                                                                                                      Page 3 of 5

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



Where — as Amazon now admits is true here — the interest matches, a proposed intervenor must "rebut the presumption of adequate representation by the party already in the action." *Butler, Fitzgerald & Potter v Sequa Corp.*, 250 F3d 171, 180 (2d Cir 2001). Amazon has only generically claimed the "New York City Defendants have a similarly broad interest in public safety and a mandate to ensure that Plaintiffs' constitutional and statutory rights to protest are safeguarded. Amazon has no such interest or mandate; its interests are private ones that do not belong to the general public," trying to draw an analogy to the non-incumbent politicians entitled to funds under the campaign finance law in *Association of Connecticut Lobbyists LLV v. Garfield*, 241 F.R.D. 100, 103 (D. Conn. 2007).[7] *See* ECF No. 30-1 at 9. If Amazon was arguing that it had some right to force the police to act, that might have been enough — the interest and defense would be meaningfully different than the City's. Now, however, Amazon has disclaimed having a different interest or defense than the City, leaving it without enough to rebut the presumption.

First, there is no analogy to *Garfield*, because Amazon admits it has no interest in the NYPD behaving a certain way — so unlike the *Garfield* intervenors, Amazon does not have a direct interest that can be vitiated by a victory without contingent, wholly discretionary steps. ECF No. 30-7 at 1. Rather, Amazon's interest is contingent choices it admits fall to the discretion of the NYPD under *Castle Rock*. ECF No. 30-7 at 4. Nothing in the law challenged in *Garfield* allowed the government any discretion in distributing funds: If the law was constitutional, the intervenors would receive funds. Thus, the *Garfield* court was specifically concerned that "the government may not emphasize or vigorously defend all aspects of the challenged law that are critical to the movants' interests," because those interests vested differently and along different time horizons. 241 F.R.D. at 103. So there was a concern the government might concede *some* aspect of the law was unconstitutional, and that would result in direct legal harm to the intervenors. But a parallel to that is structurally impossible here, because Amazon has now disclaimed any "entitlement to enhanced police protection," and seems to agree that *Castle Rock* gives the NYPD absolute discretion to chose not to enforce the law. ECF No. 30-7 at 1 and 4. .

Second, Amazon makes no effort to make the kind of showing the Second Circuit has said suffices to rebut the presumption of adequate representation. "Although perhaps not an exhaustive list, we generally agree with the holdings of other courts that evidence of collusion, adversity of interest, nonfeasance, or incompetence may suffice to overcome the presumption of adequacy." *Butler, Fitzgerald & Potter v Sequa Corp.*, 250 F3d 171, 180 (2d Cir 2001). In *Garfield*, that showing was made as a kind of "nonfeasance": The Court specifically accepted the intervenors' argument that "the government may not … vigorously defend all aspects of the challenged law." 241 F.R.D. at 103. But here, Amazon has made no such nonfeasance argument — and seems admit that any such argument would run into the *Castle Rock* problem it now seeks to avoid.

Put another way, unlike the candidates in *Garfield*, who had a direct interest in funds they would lose if the law was found unconstitutional, Amazon has no differently situated interest than the government's in dismissal, because it admits it has no "entitlement to enhanced police protection" or having the NYPD do anything in particular. ECF No. 30-7 at 1 and 4. Rather,

---

[7] It is also notable that the *Garfield* court called the adequacy issue a "slightly closer question" than any of the other factors.

COHEN&GREEN                                                                                      Page 4 of 5

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



Amazon now seems to agree the NYPD could simply decide not to enforce the law per *Castle Rock*, and that leaves it without a basis to assert the City will not adequately defend that discretion.

As noted in Plaintiffs' opposition, the relief they seek is limited: "an order preventing NYPD from doing three things: (1) Using barricades to block the picket line and prevent patrolling; (2) arresting picketers for participation in the picket; and (3) arresting picketers for patrolling the picketed driveway." ECF No. 30-6 at 1, *citing* ECF No. 12 at 1-2. Given that it has now disclaimed the broader interest, Amazon has not rebutted the presumption that the City will defend its absolute discretion to decide whether to do those things (or not).[8]

        Respectfully submitted,

        /s/
        _____

        J. Remy Green
          *Honorific/Pronouns: Mx., they/their/them*
        **COHEN&GREEN P.L.L.C.**
        *Attorneys for Plaintiffs*
        1639 Centre St., Suite 216
        Ridgewood, New York 11385

cc:
All relevant parties by electronic filing.

---

[8] To be clear, that discretion is cabined by federal rights like those asserted by Plaintiffs here. The whole point of Plaintiffs' opposition was that Amazon has no similar rights, and asserted none.

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t: (929) 888.9480 · f: (929) 888.9457 · FemmeLaw.com