UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TEAMSTERS LOCAL UNION NO. 804 and TEAMSTERS AMAZON NATIONAL NEGOTIATING COMMITTEE,<br><br>                Plaintiffs,<br><br>  -against-<br><br>THE CITY OF NEW YORK; NEW YORK CITY POLICE COMMISIONER JESSICA TISCH, *in her official capacity*; NEW YORK CITY MAYOR ERIC ADAMS, *in his official capacity*;<br><br>                Defendants. | **MEMORANDUM AND ORDER**<br>Case No. 24-CV-8683 |

*For Plaintiff:*
THOMAS J. LAMADRID
Eisner Dictor & Lamadrid, P.C.
39 Broadway, Suite 1540
New York, New York 10006

ELENA L. COHEN
Cohen & Green P.L.L.C.
1639 Centre Street, Suite 216
Ridgewood, New York 11385

GIDEON ORION OLIVER
277 Broadway, Suite 1501
New York, New York 10007

*For Proposed Intervenor:*
GLENN J. SMITH
VICTORIA VITARELLI
Seyfarth Shaw LLP
620 Eighth Avenue
New York, New York 10018

1

**BLOCK, Senior District Judge:**

On December 19, 2024, Plaintiffs Teamsters Local Union No. 804 and Teamsters Amazon National Negotiating Committee ("TANNC") (together, "Plaintiffs") commenced this action against the City of New York, Police Commissioner Jessica Tisch, and Mayor Eric Adams (collectively, the "City Defendants") to restrain certain New York City Police Department ("NYPD") conduct in relation to Plaintiffs' strike and picketing of a warehouse operated by proposed intervenor Amazon.com, Inc. ("Proposed Intervenor" or "Amazon"). In particular, Plaintiffs seek an order enjoining the NYPD from (1) using barricades to prevent picketers from patrolling the public sidewalk outside the Amazon warehouse, (2) arresting picketers for participating in the picket, and (3) arresting picketers for patrolling the picketed warehouse's driveway.

On February 6, 2025, Amazon moved to intervene pursuant to Federal Rule of Civil Procedure 24. Plaintiffs oppose the motion; the City Defendants do not. For the following reasons, Amazon's motion to intervene as of right is GRANTED.

## I.    Background

Plaintiff TANCC is a committee of local affiliates of the International Brotherhood of Teamsters ("IBT"), including Plaintiff Teamsters Local Union No. 804, which is empowered by the IBT to negotiate with Amazon on their behalf. Plaintiffs and their predecessors have been attempting for several years to negotiate

2

a collective bargaining agreement with Amazon following an April 2022 union election run by the National Labor Relations Board ("NLRB"). On December 19, 2024, in protest of Amazon's refusal to bargain and unfair labor practices, Plaintiffs began a strike and picket of eight Amazon facilities across the country, including at several Amazon locations in New York City.

Later that day, Plaintiffs commenced this action after the NYPD arrived at Amazon's DBK4 warehouse ("DBK4")[1] and erected police barricades that blocked access to the public sidewalk, arrested a picketer forced into the street by the barricades, and arrested a delivery driver who attempted to talk to the picketers.[2] Plaintiffs argue these actions violated the First Amendment and National Labor Relations Act ("NLRA"), 29 U.S.C. § 151 *et seq.*, by impinging the picketers' rights to free speech and to participate in "concerted activities for the purpose of collective bargaining or other mutual aid or protection," 29 U.S.C. § 157. On December 30, 2024, Plaintiffs withdrew their pending request for a temporary restraining order following the conclusion of the then-ongoing strike at DBK4, but continue to seek a preliminary injunction in view of imminent future strike and picketing activity at DBK4 and other New York City Amazon facilities.

---

[1] DBK4 is a five-story building, which Amazon uses as a round-the-clock shipping and distribution center. *See* Dawson Decl. ¶¶ 6–10, ECF No. 30-5. It has four access points, all of which are on the same street: a two-lane driveway; a one-way exit driveway; a pedestrian entrance/exit; and a loading dock. *Id.* at ¶ 10.
[2] There has been no formal adjudication of these purported events. They will be assumed to be true for purposes of this decision.

Amazon seeks to intervene in this action because, it argues, it has an interest in the uninterrupted operation of its business that it fears the City Defendants may not adequately protect.[3]

## II.    Discussion

Rule 24(a) of the Federal Rules of Civil Procedure provides in pertinent part that "[o]n timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). The Second Circuit has established a four-factor test to determine whether a non-party seeking to intervene as of right has satisfied these requirements: a proposed intervenor must "(1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action." *In re N.Y.C. Policing During Summer 2020 Demonstrations*, 27 F.4th 792, 799 (2d Cir. 2022) (cleaned up).

---

[3] The Court acknowledges the Plaintiffs' have requested to file a sur-reply to address whether the City Defendants may adequately protect this interest, *see* ECF No. 31, but the Court sees no reason to further burden the record.

First, Amazon timely filed its motion. Amazon notified the Court of its desire to intervene on December 23, 2024, *see* ECF No. 18, four days after Plaintiffs commenced this action. Amazon's intervention will not prejudice the existing parties by delaying existing scheduling orders. *See United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 70 (2d Cir. 1994) (explaining that determination of timeliness is "within the sound discretion of the trial court from all the circumstances," which may include how long applicant had notice before intervention motion and potential "prejudice to existing parties resulting from any delay").

The core of the parties' disagreement relates to the second factor: the nature of Amazon's interest in the action. Plaintiffs characterize Amazon's asserted stake in the action as an "interest in affirmatively forcing the police to enforce the law." ECF No. 30-6 at 6. Having so characterized the interest, Plaintiffs argue there is no legally protectable interest in police enforcement to ground Amazon's motion. *See id.* at 7–8 (citing *Castle Rock v. Gonzales*, 545 U.S. 748 (2005)).

Amazon disputes this characterization, arguing it is not asserting an interest in police enforcement or entitlement to enhanced police protection, nor asserting claims against the City Defendants. Rather, Amazon contends that its interest lies in safeguarding its "legal right to operate its business . . . without disruption, unlawful blockade, or trespass." ECF No. 30-1 at 8. It argues that the underlying

5

picketing has targeted its facilities, and that the underlying intent of Plaintiffs' action is not directed to law enforcement but to protest of Amazon's business operations, which could be affected by the outcome of this case. *Id.*

The Second Circuit has explained that "[f]or an interest to be 'cognizable' under Rule 24, it must be 'direct, substantial, and legally protectable.'" *Floyd v. City of N.Y.*, 770 F.3d 1051, 1060 (2d Cir. 2014) (quoting *Bridgeport Guardians, Inc. v. Delmonte*, 602 F.3d 469, 473 (2d Cir. 2010)). The Circuit has further "cautioned against requiring that a proposed intervenor identify a narrow interest amounting to a legal entitlement." *In re N.Y.C. Policing*, 27 F.4th at 801 (citing *Brennan v. N.Y.C. Bd. of Educ.*, 260 F.3d 123, 128 (2d Cir. 2001)). In particular, "Rule 24(a)(2) requires not a property interest but, rather, 'an interest *relating to* the property or transaction which is the subject of the action.'" *Brennan*, 260 F.3d at 130 (quoting Fed. R. Civ. P. 24(a)) (emphasis added).

Here, in the context of Plaintiffs' strike and picket against Amazon, there is a reasonably direct probability that a grant of the injunction sought by Plaintiffs would implicate Amazon's related interest. It is axiomatic that a union's strike and picket is intended to apply economic pressure on an employer. *See, e.g.*, Julius G. Getman, *Protection of Economic Pressure by Section 7 of the National Labor Relations Act*, 115 U. Pa. L. Rev. 1195, 1195 (1967) ("One of the central purposes of the [NLRA] was to counterbalance the power of employers by facilitating the

use of strikes and other forms of economic pressure by employees."). The NLRA enshrines the right of employees and unions, such as Plaintiffs, to engage in "concerted activities" such as strikes and pickets against an employer, such as Amazon. 29 U.S.C. § 157. Such activity, which is at the core of this action, necessarily implicates Amazon's property interest in its business at DBK4, namely its continued ease of access to its leased property, which it credibly asserts could be impeded depending on the disposition of this case. *See* Dawson Decl. at ¶ 13.

Concerning the third factor, Rule 24 requires that the potential impairment to Amazon's interest not be too contingent or remote. *See Wash. Elec. Coop., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 922 F.2d 92, 97 (2d Cir. 1990). Amazon asserts the risk of impairment is "neither contingent nor hypothetical as Plaintiffs have demonstrated a willingness to disrupt Amazon's operations to force recognition to which they are not entitled." ECF No. 30-1, at 8. Amazon may be incorrect about Plaintiffs' entitlement to recognition,[4] but it is correct that the potential impact on its business posed by an injunction in this action is sufficiently direct to support intervention.

As to the last factor, Amazon argues that the existing City Defendants will not adequately protect this interest because the City Defendants' focus centers on

---

[4] As Amazon notes, Plaintiffs have explained that their strike of DBK4 and other Amazon facilities is premised on Amazon's unlawful refusal to bargain with TANCC on behalf of organized employees in violation of the NLRA. *See* Smith Decl., Ex. A, ECF No. 30-3.

"public safety and a mandate to ensure that Plaintiffs' constitutional and statutory rights to protest are safeguarded." ECF No. 30-1 at 9. Plaintiffs do not address this distinction, but instead argue that Amazon's interest, such as it is, could be addressed by permitting it to file an *amicus* brief. *See* ECF No. 30-6 at 12–13. Plaintiffs are correct that courts in the Second Circuit have at times permitted a movant to file an *amicus* brief while denying a request to intervene; however, these cases involve different circumstances in which the proposed intervenor's interest was less directly implicated. *See, e.g., S.E.C. v. Ripple Labs, Inc.*, No. 20-CV-10832, 2021 WL 4555352, at *2–3 (S.D.N.Y. Oct. 4, 2021) (denying intervention by individuals who held a digital asset implicated in a securities enforcement action).

    Here, the Court agrees that Amazon's interest differs from the City Defendants' broader interest in the NYPD's actions. *See Ass'n of Conn. Lobbyists LLC v. Garfield*, 241 F.R.D. 100, 103 (D. Conn. 2007) (granting private party's motion to intervene alongside government where "government may not emphasize or vigorously defend all aspects" of challenged action); *see also N.Y. Pub. Int. Rsch. Grp., Inc. v. Regents of Univ. of N.Y.*, 516 F.2d 350, 352 (2d Cir.1975) (finding "lack of adequate representation" prong met where proposed intervenor would make "more vigorous presentation" than government defendant).

Accordingly, Amazon has satisfied the requirements of F.R.C.P. 24(a) for intervention as of right.

### III.   Conclusion

Amazon's motion to intervene is granted. Amazon is directed to comply with the existing scheduling order with respect to Plaintiffs' motion for a preliminary injunction, which is to be fully briefed by April 25, 2025. *See* ECF No. 26.

**SO ORDERED.**

  /S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
February 28, 2024