

**Seyfarth Shaw LLP**

620 Eighth Avenue

New York, New York  10018

**T** (212) 218-5500

**F** (212) 218-5526

gsmith@seyfarth.com

T (212) 218-3502

www.seyfarth.com

March 10, 2025

**VIA ECF**

Honorable Frederic Block
Senior U.S. District Court Judge
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   Teamsters, Local 804 v. City of New York, et al.
        Civil Action No. 24-08683 (FB-TAM)

Dear Judge Block:

We represent Intervenor-Defendant Amazon.com Services LLC ("Amazon") in the above-referenced action.  We submit this letter to request a pre-motion conference pursuant to Your Honor's Individual Motion Practices and Rules.  The motion we contemplate is for dismissal of Plaintiffs' action, in its entirety, for lack of subject-matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure.

Put simply, there is no action for this Court to adjudicate.  Under Article III of the Constitution, federal courts are limited to deciding actual "cases or controversies."  This requires "the dispute before the court [to] be real and live, not feigned, academic, or conjectural." *Russman v. Bd. of Educ. of Enlarged City Sch. Dist. of City of Watervliet*, 260 F.3d 114, 118 (2d Cir. 2001). *See also Steffel v. Thompson*, 415 U.S. 452, 459 n.10, 94 S. Ct. 1209 (1974) (actual controversy must be "extant at all stages of the review, not merely at the time the complaint is filed").

Plaintiffs' picketing activities and "strike" action at Amazon's DBK4 facility terminated on December 24, 2024, and have not resumed.  There is no police presence at DBK4 for this Court to evaluate, let alone enjoin.  Plaintiffs' injunction action has entered the realm of hypothetical and is nothing more than an improper attempt to secure an advisory opinion from this Court.  "A case becomes moot—and therefore no longer a Case or Controversy for purposes of Article III—when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91, 133 S. Ct. 721, (2013) (internal quotation marks omitted).

Plaintiffs have argued that future Teamsters' actions against Amazon could begin again and, if they do, the NYC Defendants might engage in some conduct Plaintiffs deem offensive, which in the Complaint really was nothing more than basic policing and crowd control.  As the Court aptly noted on January 28, the motivations of this action have migrated to hanging an injunction request action over Defendants in the hopes that it can later be resurrected, if needed, to hamstring Amazon's operations.  Respectfully, if a live, future Teamsters' action against Amazon comes to



Honorable Frederic Block
March 10, 2025
Page 2

fruition, any conduct of Plaintiffs and the response of NYC Defendants will need to be evaluated at that time, and not in relation to the underlying Complaint here.

As was predictable, Plaintiffs have now flagged to Defendants (by virtue of their motion for a preliminary injunction, served at 11:40 pm on Friday, March 7) that the Teamsters are planning new activity against Amazon. In this regard, Plaintiffs claim (in the Certification of one of their representatives) the following will occur:

> 83. Beginning next Thursday, March 13, 2025, the Teamster Amazon employees of DBK4 will be engaging in a continuous organizing outreach event outside of the facility.
>
> 84. This event calls for the Teamster Amazon employees of DBK4 to maintain a presence outside of the facility several times a week for the indefinite future.
>
> 85. Additionally, Teamsters Amazon employees of DBK4 will be hosting a large union rally outside of the facility within the next month.
>
> 86. A fixed date should be set within the next week for the rally.

Contrary to demonstrating that the instant matter somehow remains alive, these statements make clear that this action has fully ceased. Indeed, the stated purpose of the planned activity is entirely different from the Complaint here. In the Complaint, the activity related to an alleged unfair labor practice strike relating to matters arising from Amazon's JFK8 facility. Now, they are claiming that the activity will relate to organizing of DBK4. Their plans prove the very point the Court made on January 28, this entire action is focused on hanging an injunction claim over quite literally *any activity* that the Teamsters may seek to perpetrate against Amazon and whatever action any police force *anywhere* might make in response to the Teamsters' unlawful activities. For these reasons, Plaintiffs' new plans demonstratively prove that the instant matter has long ago ended.

Moreover, any of Plaintiffs' claims predicated on violations of Section 7 of the NLRA are outside the subject matter jurisdiction of the Court and must be dismissed because labor claims against an employer (or its agents) must be brought before the National Labor Relations Board, which "has exclusive jurisdiction to prevent and remedy unfair labor practices by employers and unions." *Golden State Transit Corp. v. City of Los Angeles*, 493 U.S. 103, 108 (1989). Further, given the efforts to seek injunctive relief relating to any and all labor dispute activities that may occur between the Teamsters and Amazon, the Norris LaGuardia Act, 29 U.S. Code Chapter 6[1], prevents the Court from asserting jurisdiction.

Because the grant of this motion would obviate the Court's need to consider Plaintiffs' preliminary injunction motion, we request that the briefing schedule for Plaintiffs' Motion for Preliminary Injunction be stayed pending determination of Amazon's motion to dismiss, as well as the NYC Defendants' motion. *Do No Harm v. Pfizer Inc.*, No. 23-15, 2025 U.S. App. LEXIS 497, 2025 WL

---

[1] "No court of the United States, as defined in this chapter, shall have jurisdiction to issue any restraining order or temporary or permanent injunction in a case involving or growing out of a labor dispute, except in a strict conformity with the provisions of this chapter; nor shall any such restraining order or temporary or permanent injunction be issued contrary to the public policy declared in this chapter."



Honorable Frederic Block
March 10, 2025
Page 3

63404, at *8 (2d Cir. Jan. 10, 2025) (district court cannot consider merits of a preliminary injunction motion in the absence of a live, viable action).

We thank the Court for its consideration of this application.

Respectfully submitted,

SEYFARTH SHAW LLP


*/s/ Glenn J. Smith*


Glenn J. Smith


cc: Plaintiffs' counsel (via ECF)

     Defendants' counsel: Hannah Faddis (via ECF)