

<table>
<tr><td>MURIEL GOODE-TRUFANT<br><i>Corporation Counsel</i></td><td>THE CITY OF NEW YORK<br>LAW DEPARTMENT<br>100 CHURCH STREET<br>NEW YORK, N.Y. 10007</td><td>HANNAH V. FADDIS<br><i>Asst. Deputy Chief of Trials</i><br>phone: (212) 356-2486<br>fax: (212) 356-1148<br>hfaddis@law.nyc.gov</td></tr>
</table>

March 10, 2025

<u>**VIA ECF**</u>

Honorable Frederic Block
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:    <u>Teamsters Local Union No. 804, et al. v. The City of New York, al.</u>,
         24-cv-08683 (FB) (TAM)

Your Honor:

I am the attorney assigned to represent the City of New York, Mayor Eric Adams, and NYPD Commissioner Jessica Tisch[1] (the "City Defendants") in this matter. In accordance with Your Honor's Individual Practices and Rules, defendants respectfully request a pre-motion conference regarding their anticipated motion to dismiss the Supplemental Complaint (ECF No. 8) pursuant to Fed. R. Civ. P. 12(b)(6).

## I.    Background

This lawsuit purportedly arises from a labor dispute involving workers at an Amazon facility in Maspeth, Queens, referred to as "DBK4" on December 19, 2024. The plaintiff unions allege violations of their First Amendment rights and Section 7 of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 157, during a picket at that location. Plaintiffs have named as defendants the City of New York and the Mayor and Police Commissioner, in their official capacities only. Amazon.com, Inc., has been granted leave to intervene in this action.

## II.    The City's Anticipated Motion to Dismiss

The City Defendants intend to move to dismiss each of plaintiffs' claims. The principal bases for that motion are described below.

### A.    <u>Monell</u>

As an initial matter, plaintiffs' claims against the City Defendants fail because plaintiffs have not plausibly alleged any claim for municipal liability. A municipality may not be held vicariously liable for its employees' actions under § 1983. <u>Connick v. Thompson</u>, 563 U.S. 51, 60 (2011) (citing <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 691 (1978)). In the absence of plausible, specific allegations that a municipality was the moving force behind a constitutional

---

[1] Adams and Tisch are sued in their official capacities only.

violation, a plaintiff's theory of municipal liability cannot survive a motion to dismiss. <u>Cuevas v. City of New York</u>, No. 07 Civ. 4169 (LAP), 2009 U.S. Dist. LEXIS 114984, at *10 (S.D.N.Y. Dec. 7, 2009) ("Plaintiff's boilerplate allegations against the City . . . satisfy neither the elements [for municipal liability], nor the pleading requirements set forth in <u>Iqbal</u>") (citing <u>Iqbal</u>, 556 U.S. at 678); <u>Bradley v. City of New York</u>, No. 08-CV-1106 (NGG), 2009 U.S. Dist. LEXIS 51532, at *10 (E.D.N.Y. June 18, 2009) (dismissing boilerplate allegations of municipal liability pursuant to Fed. R. Civ. P. 12(b)(6)).

### B.  First Amendment Retaliation

Plaintiffs similarly fail to establish a claim for First Amendment retaliation.  A private citizen alleging a First Amendment retaliation claim against a public official must show that "(1) he has an interest protected by the First Amendment; (2) defendant's actions were motivated or substantially caused by his exercise of that right; and (3) defendant's actions effectively chilled the exercise of his First Amendment right." <u>Lederman v. Benepe</u>, 12 Civ. 6028 (PGG), 2014 U.S. Dist. LEXIS 44057, at *27-28 (S.D.N.Y. Mar. 28, 2014) (citing <u>Curley v. Vill. of Suffern</u>, 268 F.3d 65, 73 (2d Cir. 2001)); <u>see</u> <u>also</u>, <u>Rankel v. Town of Somers</u>, 11-CV-6617 (CS), 2014 U.S. Dist. LEXIS 24815, at *8 (S.D.N.Y. Feb. 25, 2014).  As an initial matter, the plaintiff entities have not plausibly alleged standing to bring this claim.  Moreover, plaintiffs' claims of retaliation fail, at a minimum, because they have not plausibly alleged that any adverse actions were taken against them in retaliation for their speech.  Additionally, plaintiffs have failed to plausibly allege a chilling effect on any protected speech.[2]  Accordingly, this claim must be dismissed.

### C.  29 U.S.C. § 157

Plaintiffs have not plausibly alleged that the City can be held liable for alleged violations of the NLRA.  In sum, plaintiffs have failed to plausibly allege an actionable interference with their Section 7 rights by the City.

## III.    Stay of Proceedings

Plaintiffs have served a motion for a preliminary injunction to which the defendants are due to respond on April 4, 2025.  In light of the City Defendants' anticipated motion to dismiss, the City respectfully requests that the Court stay further briefing on plaintiffs' application until the motion to dismiss is adjudicated.  The City's position is that plaintiffs' application is already moot in light of the fact that the circumstances which originally prompted the filing of this action have abated and it does not seek to address any currently occurring condition.

## IV.    Conclusion

For all the foregoing reasons, the City Defendants respectfully request the Court schedule a pre-motion conference regarding defendants' anticipated motion.

The City Defendants thank the Court for its consideration.

---

[2] The City Defendants note that plaintiffs served a notice of motion for a preliminary injunction on March 7, 2025, indicating that it is expected that the union activities described in the Complaint are expected to recommence this week.

Respectfully submitted,

/s/

Hannah V. Faddis
Special Federal Litigation Division

cc:   **VIA ECF**
      *All Counsel of Record*